## ROSENTHAL DRY GOODS CO. v. HILLE-BRANDT.   (No. 935–5037.)

Commission of Appeals of Texas, Section B.
June 13, 1928.

**I. Negligence ⬥142—That injury occurred under circumstances not pleaded did not establish unavoidable accident as matter of law.**

That jury's findings showed that plaintiff's injury occurred under circumstances different from those pleaded did not establish as matter of law that injury was result of unavoidable accident.

**2. Negligence ⬥63—Defendant's negligence in respect not pleaded must rebut charge of actionable negligence for issue of unavoidable accident to arise.**

For issue of unavoidable accident to arise from evidence that injury occurred under circumstances different from those pleaded, it must appear that defendant's negligence in respect not pleaded rebutted charge of negligence for which defendant would be responsible, as inevitable or unavoidable accident can occur only in absence of negligence.

**3. Negligence ⬥63—Unavoidable accident and injury, occurring in manner not alleged by plaintiff, are not synonymous.**

Unavoidable accident and injury, occurring in a manner not alleged and claimed by plaintiff, are not synonymous, but are separate issues or matters.

**4. Appeal and error ⬥213—Parties not objecting to submission of issue cannot question sufficiency of evidence to authorize submission on appeal.**

Issue of unavoidable accident having been submitted without objections by either party, neither can raise question on appeal that there is no evidence to authorize such submission.

**5. Trial ⬥352(1)—Issue whether collision between vehicles was result of unavoidable accident held erroneous as putting burden of proof on defendant.**

Issue, "Do you find from a preponderance of the evidence * * * that the collision of the two vehicles * * * was the result of an unavoidable accident?" held erroneous in form and subject to objection as putting the burden of proof on defendant.

**6. Automobiles ⊚⟹239(1), 242(7)—Burden was on plaintiff to prove that injuries resulted from defendant's alleged negligence, and defendant was not required to plead unavoidable accident specially.**

In action for injuries to one riding in buggy struck by defendant's truck, burden was on plaintiff to prove that injuries resulted from alleged negligence of defendant, and it was not necessary for defendant to plead specially that they were result of unavoidable accident, which question was put in issue by general denial.

**7. Evidence ⊚⟹92—Party making negative allegation, which must be proved to establish affirmative case, has burden of proof.**

Whenever establishment of affirmative case requires proof of a material negative allegation, the party making such allegation has the burden of proving it, especially where most appropriate mode of proof is by establishing the affirmative opposite of the allegation.

**8. Automobiles ⊚⟹247—Finding that driving of truck without lights was negligence proximately causing injuries would require judgment for plaintiff, though further fact found that driver's negligence in being on wrong side of street was proximate cause was not pleaded.**

In action for injuries to one riding in buggy struck by defendant's truck, finding that driving of truck without lights was negligence proximately causing injuries would support and require judgment for plaintiff, notwithstanding further finding that driver's negligence in being on wrong side of street was proximate cause of injury, though such latter act was not pleaded as ground of recovery by plaintiff.

**9. Appeal and error ⊚⟹1062(1)—Incorrect submission of issue of unavoidable accident, raised by evidence, though not pleaded, held prejudicial error.**

Submission of issue, "Do you find from a preponderance of the evidence * * * that the collision of the two vehicles * * * was the result of unavoidable accident?" *held* not harmless error, though unavoidable accident was not specially pleaded by defendant, where evidence raised such issue.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Eliza Hillebrandt against the Rosenthal Dry Goods Company. A judgment for plaintiff was affirmed by the Court of Civil Appeals (299 S. W. 665), and defendant brings error. Reversed and remanded.

Gordon Lawhon, Davidson & Sharfstein, and C. A. Lord, all of Beaumont, for plaintiff in error.

A. L. Shaw, of Beaumont, for defendant in error.

SPEER, J. Eliza Hillebrandt sued Rosenthal Dry Goods Company to recover damages for personal injuries received through the alleged negligence of the defendant's truck driver causing a collision with a buggy in which she was riding. The plaintiff recovered a judgment upon verdict for $5,000, and the Court of Civil Appeals affirmed that judgment. 299 S. W. 665.

No further statement of the case is needed to make clear the questions presented in the application for writ of error by the dry goods company.

[1] First, it is assigned:

"The district court submitted to the jury the question as to whether the automobile in question was being driven along the left-hand side of the road, and the question as to whether that was negligence, and the question as to whether, if negligence, the same was the proximate cause of the injury, and the jury found that the automobile was being driven on the left-hand side of the road, that that was negligence, and that such negligence was the proximate cause of the injury. But the plaintiff did not allege in her petition that the automobile in question was being driven along the left-hand side of the road, nor that the driving of the automobile in question on the left-hand side of the road was negligence, nor that such negligence was the direct and proximate cause of the injury in question. Therefore the jury has found that the injury occurred under circumstances different from those pleaded; hence it has been established by the finding of the jury and as a matter of law that the injury was the result of an unavoidable accident, since it is thus established that it did not result from any matter or under any circumstances pleaded by the plaintiff or by the defendant. For these reasons the Court of Civil Appeals has erred in holding that the issue of unavoidable accident is not raised in the case."

The point made by the assignment is that, since the jury's finding shows that the injury occurred under circumstances different from those pleaded, it was thereby established as a matter of law that the injury was the result of an unavoidable accident, and the cases of Galveston, etc., R. Co. v. Washington, 94 Tex. 510, 63 S. W. 534, and Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108, are relied on for the proposition. This contention cannot be sustained. It is not in keeping with good logic, nor is it supported by the authorities cited or any others that we have found.

[2] In Russell y. Bailey, supra, it is said:

"When raised by the evidence, it is the duty of the court to submit the issue of 'unavoidable accident,' even without a special plea raising that issue, for 'unavoidable accident' is a complete answer to the charge of negligence and is involved in the plea of general denial. * * * The issue of 'unavoidable accident' arises only when 'there is evidence tending to show that the accident in controversy, which is charged to have resulted from the negligence of the defendant, happened from some unknown cause, or in a manner which cannot be explained, or under circumstances differing from those relied on and constituting a part of plaintiff's case, and which circumstances rebut the charge of alleged negligence for which the defendant is responsible.'"

---

The language, "or under circumstances differing from those relied on and constituting a part of plaintiff's case," is specially stressed by plaintiff in error in support of its assignment, but in the connection in which it is used, especially the clause immediately following it, "and which circumstances rebut the charge of alleged negligence for which the defendant is responsible," the language has no such meaning. Before plaintiff in error's case can come within the rule there stated, it would have to appear that the finding of the jury that defendant's negligence in the respect not pleaded rebutted the charge of negligence for which the defendant would be responsible—that is, operating its truck without lights as found by the jury. Otherwise there could not be an inevitable accident, for inevitable or unavoidable accident can only occur in the absence of negligence. The interpretation sought to be placed upon Russell-Bailey was evidently not in the mind of the court rendering that decision, for it cites, amongst other cases, Railway Company v. Washington, supra, also much relied upon by plaintiff in error, and that case, being one by the Supreme Court, makes clear that the finding that an injury was caused by an unpleaded act is not identical with the issue of unavoidable accident. Justice Brown said in the opinion:

"We must look at the court's charge as practical experience teaches that a jury, untrained in the law, would view it; and, so regarding it, we are of opinion that a jury might not have understood that the general denial made the issue of unavoidable accident, or that the injury had occurred in a manner not alleged and claimed by the plaintiff, *neither of which issues* was expressed in the charge of the court." (Italics ours.)

[3] "Unavoidable accident" and injury occurring "in a manner not alleged and claimed by the plaintiff" are not used synonymously, but are expressly referred to as separate issues or matters, as they really are.

[4] Plaintiff in error next attacks the judgment of the Court of Civil Appeals for its holding that the issue of unavoidable accident was not raised by the evidence and for holding harmless the admitted error of the trial court in the manner of the submission of that issue. The issue was thus submitted:

"Do you find from a preponderance of the evidence in this case that the collision of the two vehicles in this case was the result of an unavoidable accident?" The jury answered "No."

The Court of Civil Appeals held that this charge was error, in that it put the burden of proof upon appellant, citing Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534, but further held that the error was not reversible because the issue was not in the case. Our examination of the evidence convinces us that the issue was raised and, moreover, having been actually submitted without objections

by either party, neither party can raise the question there is no evidence to authorize the submission. G. T. & W. R. v. Dickey, 108 Tex. 126, 187 S. W. 184; Gonzales v. Flores (Tex. Civ. App.) 200 S. W. 851; Texas, etc., Co. v. Barton (Tex. Civ. App.) 213 S. W. 689.

[5-7] We agree with the conclusion of the Court of Civil Appeals that the charge was erroneous in form and subject to the objections timely made by the defendant below. It was indispensable to the plaintiff's case, and the burden was upon her to that extent, to prove that her injuries resulted from the alleged negligence of the defendant. It was not necessary that the defendant plead specially that the injuries were the result of an unavoidable accident. This was put in issue by the general denial and imposed upon the plaintiff the necessity of proving that the happening was not an unavoidable accident. This necessarily was a part of her case. While this requires the proving of a negative, nevertheless it is in keeping with sound reasoning.

"Whenever the establishment of an affirmative case requires proof of a material negative allegation, the party who makes such allegation has the burden of proving it, especially where the most appropriate mode of proof is by establishing the affirmative opposite of the allegation." 22 C. J. p. 70, § 15.

[8] We approve the holding of the Court of Civil Appeals upon the point presented in the third and fourth assignments to the effect that the finding that the driving of the truck without lights was negligence proximately causing the plaintiff's injuries would support and require a judgment in her favor, notwithstanding the further finding that the negligence of the driver of the truck in being upon the wrong side of the street was the proximate cause of the injuries, even though such latter act was not pleaded as a ground of recovery by plaintiff.

The two findings when construed together, as they should be, negative plaintiff in error's contention that the verdict establishes that the negligence of driving on the wrong side of the street was the sole proximate cause of the injury.

[9] For the error of the Court of Civil Appeals in holding that the manner of the submission of the issue of unavoidable accident was harmless, we recommend that the judgment of that court be reversed and that judgment be here rendered reversing the judgment of the district court and remanding the cause for another trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.