## DALLAS RY. CO. v. ALEXANDER.
### (No. 3749.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 23, 1929.

Rehearing Denied Dec. 12, 1929.

Beall, Worsham, Rollins, Burford & Ryburn and Allen Charlton, all of Dallas, for appellant.

Burgess, Owsley, Storey & Stewart, of Dallas, for appellee.

HODGES, J. This appeal is from a judgment of the district court against the appellant for $3,000 as damages for personal injuries. The appellee testified, in substance, that about the 6th day of May, 1926, he boarded a car of the appellant on the corner of Commerce and Lamar streets in the city of Dallas about 9:30 o'clock at night for the purpose of going to his home in Oak Cliff. When the car reached what was called the "Edgeworth Crossing" he alighted. He testified: "I had no more than stepped from the steps of the car when the motorman raised the steps up and started the car in motion. I found the condition of the crossing was not the same it was when I had last gotten off. I began to slip and roll onto the ground. The loose gravel would slip from under my feet, and I tried to find a set of foot-landings. As I made one step to get a better step I stepped on a piece of timber of some kind. I could not tell what it was, but when I stepped on it I fell on my hand and shoulder, went over onto the track, and my head hit the car. My arm went under the wheels of the car." He further stated that as a result of, that fall he was bruised about the head and shoulders, caused to suffer great pain, the end of his thumb was cut off, one of his fingers severed, and another seriously injured. As a result he was confined in the hospital about 16 days.

In his pleadings appellee alleged several grounds of negligence. Among them were the following: (1) That the appellant failed to provide a safe place for him to alight from the car; (2) that the appellant permitted a crosstie, or other obstacle, to be left upon its right of way where the appellee was compelled to alight from the car; and (3) that the landing upon which the appellee was expected to alight was maintained in a negligent manner and constructed of loose gravel and stone, causing appellee to fall and injure himself.

Upon the material issues the jury found the following: (1) That the plaintiff suffered an injury as a result of his alighting from the street car; (2) that those injuries resulted from the negligence of the defendant; (3) that at the time of the injury there was an obstruction on the place designated as a passenger platform at Edgeworth stop that caused the plaintiff to stumble and fall and to suffer the injuries sustained; that the presence of that obstruction was due to negligence on the part of the defendant company, and was the proximate cause of the plaintiff's injuries; (4) that the plaintiff was not guilty of contributory negligence; and (5) that the injuries sustained by the plaintiff did not result from an unavoidable accident. The jury assessed the damages to appellee at the sum of $3,000.

On the measure of damages the court

submitted the following: "What sum of money if paid now in cash would reasonably compensate the plaintiff for his diminished capacity, if any, to labor and earn money in the past if there has been any in the past, and in the future if there will be any in the future, and for physical pain, if any, in the past if there has been any in the past, and in the future if there will be any in the future, and for mental pain, if any, in the past if there has been any in the past, and in the future if there will be any in the future, directly and proximately caused by the injuries, if any, sustained by the plaintiff?"

Appellant's objection to that charge is that it permitted the jury to award the appellee damages for his diminished capacity to earn money both in the past and in the future, when there was no evidence of any diminished capacity as a result of the injury. As to the character of his business and the extent of his injuries the appellee testified: "Prior to the 6th of May, 1926, I was engaged in the trucking business, operating a truck and hauling freight and express for oil companies in different towns. On the average I made about $25.00 per day operating trucks. I was making money. I had a good business, all I could do. On an average the trucks would be busy six days out of the week. * * * I had contracted and had all that I could do hauling freight and express, and was busy; my business and headquarters were in Panhandle. I sometimes go over the trucks. I had two other drivers. In driving a truck I used both of my hands, and I had to use one of my hands for doing certain things; since my injury I have not been able to use my hand as I did before the injury. The forefinger, or index finger, on the right hand is of no use to me; it is more in the way than it is of use to me. * * * I have stated that I was making about $25.00 per day. That was after I had paid the drivers and for my gas expenses and repairs. I netted $25.00 per day. I had been doing that ever since I was out there. I had been in the truck business altogether about three years. I worked six days a week. That would be about $150.00 a week that I would net."

Doctor Nash, the physician who examined the appellee's injuries, testified: "He (Alexander) came to see me last November, for me to examine his hand. I made an examination; I made a thorough examination. He had lost his thumb and finger, particularly the ability to use the index finger. He has little use of his little finger; the tendon seems to be gone out of the little finger. * * * If any of you ever had a sore finger —you are not conscious of your finger until it gets sore; it is the same way with a crippled finger, it is always getting in the way. The middle finger is more or less crippled or deformed. The ring finger is fairly intact. Taking all in consideration, I figure that he has about 75% disability of that hand. In my judgment, after examining his hand, I am sure that he would not be able to guide and handle a heavy truck with that right hand."

The evidence shows that the appellee was a laboring man, and that the use of his right hand had been, to some extent at least, impaired. The proof was sufficient, we think, to warrant the conclusion that such an impaired condition had in the past, and would in the future, affect his capacity to follow his occupation and earn money. There is no complaint that the damages allowed are excessive.

Appellant pleaded that appellee's injuries were the result of an unavoidable accident. Upon that issue the court submitted the issue in the following form: "Did the injuries sustained by the plaintiff, W. D. Alexander, if any, result from an unavoidable accident?" To which the jury answered, "No." Appellant objected to the issue being submitted in that form, on the ground that it placed upon it the burden of proof. It requested the issue to be submitted in this form: "Do you find from a preponderance of the evidence that the fall of the plaintiff and the resulting injuries, if any, were not due to an accident?" That request was refused, and the refusal is also assigned as error. We are of the opinion that the question of unavoidable accident was not raised by the testimony. "The issue of 'unavoidable accident' arises only when 'there is evidence tending to show that the accident in controversy, which is charged to have resulted from the negligence of the defendant, happened from some unknown cause, or in a manner which cannot be explained, or under circumstances differing from those relied on and constituting a part of plaintiff's case, and which circumstances rebut the charge of alleged negligence for which the defendant is responsible.'" Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521, 522. The appellee alone testified as to how his injuries occurred. According to his testimony, which was not contradicted, the cause of his injuries was clearly stated and there was no room for conjecture. If his account of it is true, the cause was fully explained, and it was for the jury to say whether or not the appellant was responsible for that cause. If the issue of unavoidable accident was not involved, the form of the interrogatory was, in view of the answer returned by the jury, of no material importance in the case. But if that issue was raised by the evidence, the form used by the court was not subject to the objection made.

Appellant also complains of the following definition of "proximate cause":

"By the term 'proximate cause' is meant a cause which in a natural and continuous sequence, unbroken by some new or intervening cause, produces an event, and without which the event would not have occurred; and to be the proximate cause of an event it must have been reasonably anticipated by a person of

ordinary prudence that the injury, or some similar injury, would occur.

"By the term 'new and intervening cause' as that term is used in the above definition of 'proximate cause' herein is meant a cause or agency over which a person has no control, and which cause or agency a person of ordinary prudence under the same or similar circumstances would not have reasonably foreseen as acting to bring about the result complained of."

We think the objection raised is untenable.

The remaining assignments of error have been examined and are overruled without discussion. The judgment will therefore be affirmed.

### On Motion for Rehearing.

A further examination of the record in this case has convinced us that the evidence does raise the issue of accident. In the case of Rosenthal Dry Goods Co. v. Hillebrandt, supra, it was distinctly held that when the issue of unavoidable accident was raised by the evidence the burden is on the plaintiff to prove that his injuries did not result from that cause. While that particular objection was not embraced in the formal objections presented in the trial, it was indicated in the form of the special issue requested and refused. Rodgers v. Fleming (Tex. Com. App.) 3 S.W.(2d) 77; Lamar v. Panhandle & S. F. Ry. Co. (Tex. Com. App.) 248 S. W. 34; Graves v. Haynes (Tex. Com. App.) 231 S. W. 383. We are of the opinion that the court erred in not placing the burden of proof on that issue on the plaintiff.

The judgment is reversed, and the cause remanded.