## EL PASO ELECTRIC CO. v. PORTILLO.
### No. 2504.

Court of Civil Appeals of Texas. El Paso.
March 12, 1931.

Rehearing Denied April 2, 1931.

Hunter, Brown & Brooke, of El Paso, for appellant.

R. L. Holliday and H. T. Moore, both of El Paso, for appellee.

PELPHREY, C. J.

During the month of November, 1929, appellant operated a street railway line between the city of El Paso and what is known as the Smelter settlement.

In the Smelter settlement it maintained a switch a part of which extended onto the pavement of the county highway which passes through the settlement.

On the night of the 24th of that month, a collision occurred between one of appellant's street cars and an automobile driven by one Blas Morales, and Maria Portillo, wife of appellee, was injured. The street car was on the switch at the time of the accident headed in a northerly direction, while the automobile was on the highway coming in a southerly direction.

This suit was filed by appellee to recover damages for injuries to the person of his wife alleged to have resulted from the collision.

In response to special issues, the jury found that the operator of the street car failed to keep the proper lookout under the circumstances; that such failure was a proximate cause of the injury to Maria Portillo; that it was negligence to fail to bring the street car to a stop before entering the switch; that such negligence was also a proximate cause of the injury; that the operator, before turning onto the switch, failed to sound the bell on the street car; that such failure was negligence and a proximate cause of the injury; that it was negligence for appellant to route its cars going northerly over the switch; that such negligence was a proximate cause of the injury; that the driver of the automobile was not guilty of negligence; that he was not intoxicated at the time of the collision; that $1,000 would compensate appellee for the injuries sustained; that the collision was not the result of an accident; that the operator of the street car did not discover the peril in time to avoid the collision; that he failed to use ordinary care in the use of the means at hand to avoid the collision; that such failure was a proximate cause of the injury; and that Maria Portillo exercised ordinary care to keep a proper lookout for the street car.

Judgment was rendered in favor of appellee, and the electric company has appealed.

## Opinion.

Appellant sets forth as errors the following: (1) That the issue of unavoidable accident was improperly submitted; (2) that the issue of discovered peril, as submitted, did not embrace all the elements thereof; (3) that the issue as to the sounding of the bell before going onto the switch should not have been submitted; (4) that the requested charge on the duty of a person in approaching a street car track should have been given; (5) that certain special exceptions of appellant should have been sustained; (6) that the court should not have permitted the witness White to be examined as to the relative safety of operating street cars over a switch of the type involved and over a switch of a different type; and the issue relative to routing the cars over the switch in a northerly direction should not have been submitted.

It appears from the statement of appellant in its brief that the court had not, in the main charge, submitted the issue of unavoidable accident. Appellant objected to the charge as follows:

"1st. The charge fails to embrace or cover all of the issues pleaded and supported by the evidence, and fails to submit all of said issues. The issue of unavoidable accident is pleaded, and is nowhere submitted in the charge of the Court; Whereas, the statute requires that all issues pleaded and finding support in the evidence should be submitted in the Court's charge."

"8th. In reference to unavoidable cause the burden is on the plaintiff to prove the elements of his case, and to prove that the accident was not the result of an unavoidable cause, and this being true the jury should be so instructed, that plaintiff can not make out a cause unless he has met this burden."

In deference to these objections, the court prepared the following issue:

"Do you find from the evidence that the collision in question was the result of an unavoidable accident? Answer yes or no."

"In connection with this issue you are advised by the term 'accident,' is meant an accident of any character which cannot be prevented by ordinary care and diligence."

Appellant then interposed the following objection:

"Supplemental Issue No. A, given by the court relating to unavoidable accident is objected to for the reasons assigned in the objections previously filed to the charge of the court wherein we excepted to the charge because it failed to submit unavoidable accident and imposes too high a burden upon the defendant and a burden which is not imposed by law, and the definition of unavoidable accident is not sufficient to guide the jury in determining that issue."

The court then modified the issue by omitting the word "unavoidable," and appellant filed the further objection:

"Since the above objection was urged, the court has changed the charge on unavoidable accident by erasing the word 'unavoidable,' objection is again renewed to the way and manner in which the court submits the question of accident. The question of unavoidable or inevitable accident is in the case both in law and in the pleading, and defendant is entitled to a correct charge upon the issue correctly imposing the burden, and the court's supplemental issue A fails to meet this requirement of the law."

Appellant here contends that the evidence raises the issue of unavoidable accident, and that the charge as given in effect placed the burden on it to prove that the collision was the result of an accident, or at least did not place the burden upon appellee as it should have done.

Appellee counters with the proposition that the issue submitted clearly indicated the question of fact to be determined and was therefore sufficient without an affirmative charge on the burden of proof; that the appellant, having affirmatively pleaded unavoidable accident as a defense, assumed the burden of proving it; that appellant has waived its right to object to the court's failure to state the burden of proof on the issue by failing to request such a charge or tendering a proper charge; that its right to object is waived by its failing to make the specific objection pointing out the error now complained of; that the court having affirmatively charged the jury on all issues submitting the appellee's case requiring a finding from the preponderance of the evidence, if the finding is to be favorable to appellee, it is not error to submit the question of accident without mentioning the burden of proof, and, if error, it was harmless in view of the other findings; and that the issue of accident not being raised by the evidence, the submission of such issue was harmless.

The submission of the issue was requested by appellant and was submitted without any objection from appellee, and under the holding of the Commission of Appeals in the case of Rosenthal Dry Goods Co. v. Hillebrandt, 7 S.W.(2d) 521, 523, he cannot now be heard to say that the evidence was insufficient to raise the issue. Conceding that in spite of the fact that appellee offered no objection to the submission of the issue in the trial court, the erroneous submission would be harmless if accident is not in the case, we are of the opinion that the facts here, judged in the light of expressions of our Supreme Court on the subject, are sufficient to raise the issue.

In the recent case of Dallas Railway & Terminal Co. v. Garrison (Tex. Civ. App.) 30 S.W.(2d) 1108, 1109, the appellee sued for personal injuries resulting from a collision between a street car and an automobile at a street intersection. The jury found that both the motorman and the driver of the automobile was guilty of negligence, but that negligence of the driver of the automobile was not a proximate cause of the collision. The Court of Civil Appeals, in discussing whether the trial court erred in refusing to submit a requested issue on the question of accident, said:

"Unavoidable accident, however, in the nature of things, precludes the presence of negligence as a proximate cause. And where the evidence conclusively shows negligence on the part of both parties to a collision, and that the cause of same is well known, as was true in this case, no issue of unavoidable accident is raised, and it is not error to refuse to submit it to the jury. The testimony of the motorman and that of the driver of the automobile leads to the inescapable conclusion that both were guilty of negligence, and that such negligence proximately caused the collision."

The Supreme Court granted a writ of error, however, on the ground, judging by the notation made, that the Court of Civil Appeals was in error in holding that the evidence did not raise the issue of accident.

In the case of Rosenthal Dry Goods Co. v. Hillebrandt, supra, the facts, as stated by the Commission of Appeals, were:

"On the evening of the 16th of October, 1920, appellee was driving her horse and buggy down Highland avenue toward the business section of the city of Beaumont. It was dark. She had a flash light in her left hand, holding it high enough to throw the light beyond her horse's head, thereby affording protection both to her and other users of the street. She was driving in a fast trot on the right-hand side of the street. * * * While thus driving she saw appellee's truck approaching about 50 or 100 feet away, without lights, and on the wrong side of the street. To avoid the truck she pulled her horse as far to the right as possible, but the truck continued on the wrong side of the street at a speed slightly faster than that of her horse, striking her buggy, turning it over, and inflicting upon her the injuries sued for."

The Court of Civil Appeals, 299 S. W. 665, 668, held that the question of unavoidable accident was not in the case, but the Commission of Appeals held that the evidence raised the issue and reversed the case on the ground that the issue submitted on the question of accident was erroneous and not harmless.

The facts, in Dallas Railway & Terminal Co. v. Darden (Tex. Civ. App.) 23 S.W.(2d) 739, 740, were:

"According to the testimony of the appellee he was the proprietor of a small drug store situated on Bowen street in the city of Dallas. On the day of his injury he started to deliver some merchandise to a customer. His car was parked almost in front of his store. Before getting into the car he looked in both directions to see if a street car was approaching but saw none. He then started north in the direction of the place where his goods were to be delivered. In order to avoid a rough and unpaved portion of the street in front of the lot on which his store was situated he drove close to the street car track. While in that position the street car approaching from behind him struck his automobile, causing the injuries for which he sued."

The Court of Civil Appeals held that the issue of accident was not raised by those facts and that erroneous submission of the issue was harmless, in view of the jury's answer to issues of negligence. A writ was granted by the Supreme Court with the following notation:

"The C. C. A. erred in holding the error of the trial court in charging the jury that the burden of proof was upon the defendant upon the issue of accident, was harmless, because the jury in response to other issues found that the defendant was negligent and acquitted the plaintiff of contributory negligence."

We think we are safe in assuming that the writ would not have been granted if the court had not been of the opinion that the issue of accident was raised by the evidence.

■ Appellee further contends that appellant waived its right to object to the manner in which the issue was submitted because he did not tender a proper charge on the burden of proof.

This position is contrary, we think, to the holding of the Supreme Court in Gulf, C. & S. F. R. Co. v. Conley, 113 Tex. 472, 260 S. W. 561.

In that case the charge complained of was one involving the burden of proof, and the Court of Civil Appeals (236 S. W. 521) held that the charge was not affirmatively erroneous and therefore not reversible error in the absence of a requested instruction on the question. In reversing the case the Supreme Court said:

"But in the instance of a defective or erroneous charge on a subject or issue which the court has undertaken to charge upon, the objections required by [Vernon's Sayles' Ann. Civ. St. 1914] article 1971 take the place of special charges and render it unnecessary that the latter be tendered. It is immaterial whether the matter objected to in the court's charge is a mere defective or incomplete statement of the law or issue to be determined, or is affirmatively erroneous; objections which sufficiently specify the error will

preserve the point on appeal, without the necessity of again directing the court's attention to the same subject by special charge."

See also 3 Tex. Jur. pp. 208, 209, and authorities cited.

Therefore, if the objections interposed by appellant in the trial court sufficiently specified the error, appellant is entitled to a reversal of the judgment, unless, as contended by appellee, the erroneous submission of the issue was harmless, in view of the jury's answers to the issues of affirmative negligence.

█ We are of the opinion that the several objections of appellant to the charge of the court, heretofore quoted, were sufficient to apprise the court of appellant's contention that the issue should be so framed as to place the burden of proving that the collision was not the result of an accident upon appellee.

█ We have then left the very perplexing question of whether the submission of the issue, as submitted, was harmless, in view of the other findings of the jury. In discussing this very question the Court of Civil Appeals, in Dallas Railway & Terminal Co. v. Darden, supra, had this to say:

"The jury found that the collision and the injury were the proximate result of appellant's negligence in several respects. The jury specially found that appellant's motorman could, by the exercise of the proper degree of care, have avoided the collision and was negligent in not so doing. Those findings clearly evidence a conclusion on the part of the jury that the collision was the result of an avoidable accident. Certainly it cannot be assumed that the jury would have found directly to the contrary had that issue been separately submitted in proper form. Hines v. Arrant ((Tex. Civ. App.) 225 S. W. 767. In this case the plaintiff discharged the burden imposed by law when he proved to the satisfaction of the jury, or at least by a preponderance of the evidence, that his injuries resulted from the negligence of the appellant's employee who was operating the street car. Under the record before us we think the error complained of should be treated as harmless."

The notation made by the Supreme Court in granting a writ in this case is quoted above.

While we are fully aware that notations made by the Supreme Court in granting writs have no value as precedents and that the court often changes its views after a further study of the question, yet, where a question is presented as fully and forcefully as was the question discussed in the above opinion, the notation made is, to say the least, an indication of a very decided opinion of the court on the question involved.

We can readily see how the court could be of the opinion indicated in the notation by

virtue of its own holdings in G., H. & S. A. R. Co. v. Washington, 94 Tex. 510, 63 S. W. 534, 537, and Rosenthal Dry Goods Co. v. Hillebrandt, supra. The language used in the Washington Case was:

"We think the requested instruction should have been given, and the trial court erred in refusing same. The issue of unavoidable accident was clearly raised by this evidence, and such issue was not submitted to the jury by the court in his main charge. The defendant was not required to specially plead that the injury was the result of an unavoidable accident to entitle it to have such issue submitted to the jury. The evidence was not only admissible for the purpose of contradicting the witness James Washington, but as a substantial defense under the general issues; and, if believed by the jury, it would have been a complete defense to the suit.

In the Hillebrandt Case the Commission said:

"We agree with the conclusion of the Court of Civil Appeals [299 S. W. 665] that the charge was erroneous in form and subject to the objections timely made by the defendant below. It was indispensable to the plaintiff's case, and the burden was upon her to that extent, to prove that her injuries resulted from the alleged negligence of the defendant. It was not necessary that the defendant plead specially that the injuries were the result of an unavoidable accident. This was put in issue by the general denial and imposed upon the plaintiff the necessity of proving that the happening was not an unavoidable accident. This necessarily was a part of her case. While this requires the proving of a negative, nevertheless it is in keeping with sound reasoning."

While the last quotation was by the Commission of Appeals, yet the holding was expressly approved by the Supreme Court.

What we gather from the above expressions is that where the evidence raises the issue and it is either submitted or its submission properly requested, the plaintiff is not entitled to recover in the absence of a finding by the jury that the happening was not an unavoidable accident.

If that be the effect of those holdings, then the proper submission of the issue of accident would be necessary, regardless of what the jury might have found on other issues. In the case of Texas Interurban Railway et al. v. L. B. Hughes, 34 S.W.(2d) 1103, this court held that a finding by the jury that the collision was not due to an unavoidable accident could not be reconciled with other findings that the collision was the result of the negligence of appellants. Because of such conflict in the findings the case was reversed and remanded.

■ Nor do we agree with the contention of appellee that the issue was not erroneous by virtue of the fact that it pleaded unavoidable accident as a defense and thereby assumed the burden of proving it.

The above holdings seem to be authority for the contrary view.

■ The jury having found with appellant on the issue of discovered peril, the manner of the submission of that issue could not be prejudicial to its rights, and we shall not here discuss the question presented by appellant's second proposition. Appellant objected to the giving of the following special issues:

Question No. 6: "Do you find from a preponderance of the evidence that defendant's employee, before turning from the main track on to such switch or side track, failed to sound the bell on such street car?"

Question No. 7: "Do you find from a preponderance of the evidence that such failure to so sound the bell, if defendant's employee did so fail, was negligence on the part of such employee?"

The objection interposed by appellant reads:

"Question No. Six is objected to because no negligence should be predicated upon the failure, if any, to sound the bell or gong on the street car before entering the switch or side track. There is no evidence to support an adverse finding upon that issue. For the same reason question No. 7 is objected to, these two questions taken together may be considered as an indication to the jury that there was or may have been negligence in this particular. The same objection goes to question eight."

Appellant in its brief contends that by the submission of issues 6 and 7 the court practically confined the defendant to the entry rather than the exit of the switch; that the charges were submitted in such a way as to indicate to the jury the absolute duty was imposed upon defendant to ring the bell before turning to the right side of the track; and that the submission of the issues in such manner may have indicated to the jury that the court thought the accident occurred at the entry to the switch.

■■ It is undisputed that the switch in question runs onto the highway used by the public, and that when a street car is on said switch it blocks the traffic on a part at least of such highway. This being true, then, we think, it was the duty of the motorman to exercise ordinary care in operating the street car so that those rightfully using the highway might do so with safety and that the exercise of such ordinary care, under certain circumstances, would include the giving of an alarm, or the sounding of the gong to advise persons on the highway of the fact that the car was about to turn onto the highway.

The other objections advanced by appellant in its argument were not included in the objections made in the court below, and therefore need not be considered.

Appellant's special charge No. 1 should not have been given; the charge given by the court in its main charge and those given at the request of appellant relative to the duty of a person riding in a motor vehicle and the keeping of a lookout fully covered the duty of Maria Portillo.

Appellee alleged, on paragraph 4-b of his petition, that the main line of appellant was along the side of the public highway; that at the point where the collision occurred appellant maintained a switch which projected out almost halfway on the public highway; that traffic coming toward El Paso necessarily traveled over and across said switch; that a street car on the switch blocks the entire right of way of vehicles coming toward El Paso on the highway; that to pass a street car on the switch the vehicles must leave the right-hand side of the highway and go upon the left-hand side; that the highway is in constant use by vehicles; that the switch is not necessary to the operation of the street railway of appellant; that its use is dangerous; that it was negligent to maintain and use such switch at all; that ordinary care and prudence required, if such switch was to be used, that the street cars using the same should be run thereon only in the direction of El Paso, so that they would be running with the traffic on the highway and not against it; that ordinary care and prudence required that all street cars be brought to a complete stop before turning out onto the highway and intercepting the traffic thereon; that all means should have been used to warn persons using the highway that the street car was about to come upon the switch and thereby block a portion of the highway; that all means should have been used to avoid colliding with any person or vehicle on said highway; that all the facts and circumstances as set out were well known to appellant and its servants at the time alleged; that appellant's servants failed to stop the street car before turning out onto the switch, failed to use ordinary care and diligence to warn the driver of the automobile in which appellee's wife was riding of the street car's approach and of the fact that it was about to turn out onto the highway and block the right-hand portion thereof. And in 4-c that the use of the switch at the time alleged was unnecessary and dangerous; that there was no street car coming from the opposite direction; that no other reason existed making it necessary to use the switch; that ordinary care required that, under the circumstances, street cars should not be operated on the switch unless the same is necessary.

Those portions of paragraph 4–b in which the allegations were made that the use of the switch was unnecessary, that it was negligence to maintain and use the switch at all, and that ordinary care required that street cars on the switch be run with, and not against, the traffic, were subject to the objection made. These things do not, we think, constitute negligence in themselves. We know of no law which would prevent appellant from maintaining a switch on the public highway or that would require it to operate its street cars with rather than against the traffic. These matters would, of course, be considered in deciding the question of whether it was negligent in the operation of a street car thereon, but cannot by themselves constitute such negligence as would sustain a judgment for damages. Galveston, H. & S. A. R. Co. v. McCrorey (Tex. Com. App.) 23 S.W.(2d) 691; T. & P. Ry. Co. v. Boyle (Tex. Civ. App.) 29 S.W.(2d) 927.

The special exception to paragraph 4–c should have been sustained by the court. Appellee's right to recover did not depend upon whether the use made of the switch was necessary, or unnecessary.

Question No. 9, reading: "Do you find from a preponderance of the evidence that it was negligence on the part of the defendant to route its cars going northerly over the switch or side track in question herein?" should not have been submitted. If routing its northerly bound cars over the switch increased the hazards, then appellant would be called upon to use a greater degree of care, but the mere routing could not, in our opinion, constitute negligence.

We have concluded that the judgment must be reversed, and the cause remanded for the reasons set forth above.