### EL PASO ELECTRIC CO. v. HEDRICK.*
### No. 2534.

Court of Civil Appeals of Texas. El Paso.
May 14, 1931.

Rehearing Denied June 4, 1931.

---

*Writ of error granted.

Baker, Botts, Andrews & Wharton, of Houston, and Hunter, Brown & Brooke, of El Paso, for appellant.

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellee.

WALTHALL, J.

John R. Hedrick, Jr., plaintiff, brought this suit against El Paso Electric Company, a corporation, defendant, to recover damages for personal injuries alleged to have been suffered by him, in a collision between a motorcycle on which he was riding and a street car operated by the El Paso Electric Company.

Plaintiff alleged substantially the following: That defendant operates its Ft. Bliss street car line over Hueco and Copia streets, in the city of El Paso; that Hueco street runs in an easterly and westerly direction and intersects Copia street, which runs in a northerly and southerly direction; that, when said Ft. Bliss car line, going in an east-

erly direction, reaches Copia street, it makes a left-hand turn going into Copia street, and in a northerly direction; that defendant also operates its Government Hill street car line on Hueco street, which line continues east on Hueco street after reaching Copia street.

Plaintiff alleges that on the night of October 17, 1929, he was riding his motorcycle along the north side of Hueco street in a westerly direction, and near the intersection of Hueco and Copia streets; that one of defendant's Ft. Bliss street cars was stopped by the motorman operating said car at the west side of the intersection of Hueco and Copia streets, in order that the motorman might throw the switch and turn said car north on Copia street; that at said time plaintiff was approaching the intersection of said streets on said motorcycle at a rate of speed between 15 and 18 miles per hour; that, when he was only a short distance from said intersection, the motorman operating said Ft. Bliss street car suddenly started up said car without warning, causing same to turn in a northerly direction into Copia street; that plaintiff, who was then only a short distance from said intersection, attempted to pass to the left or rear of said street car, and would have succeeded in doing so except for the fact that, almost immediately after said street car had started up, some one on said street car rang the bell and the motorman operating the street car stopped the street car to allow a passenger to get off the car, so that said street car, by stopping, blocked said street intersection, and made it impossible for plaintiff to get either to the right or to the left of said street car, and, as a result of starting and stopping said street car, as stated, plaintiff's motorcycle collided with the side of said street car, and plaintiff was thrown to the ground, breaking his left leg below the hip and breaking his right leg between the knee and ankle, dislocating his right ankle, and causing bruises over his body. Plaintiff alleges that by reason of his said injuries he was compelled to incur certain expenses, which he itemizes, and which were reasonable, and for which he sues.

Plaintiff assigns as negligent acts on the part of defendant, as proximately causing said collision and plaintiff's said injuries, substantially the following: (a and b) On the part of the motorman in starting the street car, around the curve on Copia street, at the time and place he did while plaintiff's motorcycle was only a short distance from said street intersection, and in stopping said street car so that it practically blocked said street intersection just as plaintiff on said motorcycle was entering said street intersection; (c) in starting said street car at said time and place without sounding his gong or giving some warning that he (the motorman) in-

tended to turn said street car to the left in a northerly direction across said street intersection; (d) in failing to keep a proper lookout for motorcycles or vehicles traveling along Hueco street in a· westerly direction. Plaintiff ·alleges that by reason of his injuries he sustained damages in the total sum of $26,477.15, for which he sues.

Defendant answered by general denial; that the accident complained of by plaintiff and the injuries complained of, if any, were either the result of an unavoidable accident or were brought about and proximately contributed to or caused by the plaintiff's negligence and contributory negligence without fault on the part of defendant, in that plaintiff, at the time of and just prior to the collision, failed to keep a proper lookout for his own safety, and was operating his motorcycle at a rate of speed in violation of law, and was passing ·or attempting to pass other vehicles upon the streets, contrary to the express provisions of the statute.

The case was tried to a jury and submitted upon special issues.

Upon the ' special issues submitted and found by the jury, judgment was rendered in plaintiff's favor ·in the sum of $16,477.15, from which this appeal is prosecuted.

### Opinion.

The court submitted question No. 14, as follows: "Do you find from the evidence that the collision in question was an unavoidable accident? In connection with this issue you are charged that an unavoidable accident is an unforeseen and unexpected incident, · which occurs without want of ordinary care on the part of any of the parties involved therein, proximately contributing thereto."

. Defendant submits that the form of the charge in which the issue is submitted places an undue burden upon defendant.

To avoid the error in the form of the charge, plaintiff submits that, defendant having specially pleaded unavoidable accident as a defense in connection with 'its plea of general denial, it thereby assumed and took upon itself the burden of the issue, and refers us to Boswell v. Pannell, 107 Tex. 433, 180 S. W. 593, as sustaining his contention.

■ We have concluded that, where the suit is for damages for personal injuries, where the burden of the issue is primarily with the plaintiff, it is a part of his case to show that the accident was not unavoidable, though a negative fact, and, where the defense of unavoidable accident can be shown under the plea of general denial, the burden of the issue remains with the plaintiff, though specially pleaded as a defense by defendant, such special plea not being in the nature of confession and avoidance. However that may be, the issue of unavoidable accident

arises only when there is evidence tending to show that the accident in controversy happened or was the result of some unknown or unforeseen cause, or in a manner which cannot be explained, and which circumstances rebut the charge of the alleged negligence, for which the defendant is sought to be held liable. Wichita Falls Traction Co. v. Craig (Tex. Civ. App.) 250 S. W. 733; Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108; G. H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S. W. 534; Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521; Texas & Pacif. Ry. Co. v. Edwards (Tex. Civ. App.) 21 S.W.(2d) 754; Dallas Ry. Co. v. Alexander (Tex. Civ. App.) 23 S.W.(2d) 512.

■ We have carefully reviewed the evidence, and have not found therein such fact or circumstance unknown or unexplained, which in our judgment brings the case with in the rule of unavoidable accident. Several witnesses present at the time of the accident testified in detail, explaining as to how the accident occurred, and the witnesses all seemed to know just how the accident did occur. The motorman and one or two of the witnesses testified that an automobile was traveling westerly on Hueco street, and that they did not, from where they were, see the motorcycle traveling in the rear of the automobile until after the automobile turned to the left into Copia street when the motorcycle was disclosed going toward the street car. We have concluded that the fact stated is not such unknown accident as to make available the plea of accident.

■ We think that, under the latter portion of article 2190, appellee may now, for the first time, by counter proposition, claim that the issue is without evidence to justify its submission. The jury found against the issue of unavoidable accident, though presented in an objectionable form.

In Texas & Pacific Ry. Co. v. Edwards, supra, this court held that error in submitting unavoidable accident, if that issue was not raised by the evidence, was harmless. To the same effect is Dallas Ry. & Terminal Co. v. Darden (Tex. Civ. App.) 23 S.W.(2d) 739.

■ Writs of error were granted in each of the cases, but not on the question now under consideration. We still think that error in submitting the issue of accident, where that issue is not raised by the evidence in the case, does not require a reversal of the judgment.

■ Plaintiff assigned as negligence on the part of defendant, in substance (a) in starting its street car at the time and place it did, for the reason that plaintiff's motorcycle was only a short distance from said street intersection, the lights· on the motorcycle were on, and the motorman knew or could have known that in turning to the left up Copia street he would put plaintiff in jeopardy, en-

danger his safety, and make it impossible for plaintiff to pass across Copia street; (b) negligence in stopping the street car so that it practically blocked said street intersection just as plaintiff on said motorcycle was entering said street intersection; (c) negligence in starting said street car at said time and place without sounding his gong or giving some warning that he intended to turn said street car across said street intersection.

Plaintiff alleged other acts of negligence, but the above are all the negligent acts pertaining to the movements of the street car.

The court submitted the above issue of negligence as follows: "Question No. Six: Do you find from a preponderance of the evidence that defendant's motorman was guilty of negligence in attempting to proceed around the curve at and just prior to the time of the accident? Answer yes or no."

The objections seasonably made to the submission of the above issue are, in effect, that it is too general, does not include or embrace any specific act or fact, does not confine the jury to a consideration of the facts assigned as negligence in the pleadings.

The point must be sustained. The charge does not submit to the consideration of the jury the concrete act or acts pleaded and assigned, as the negligent act in proceeding around the curve.

Certainly "attempting to proceed around the curve at and just prior to the time of the accident," alone and disconnected with any other attending circumstance, or movement, or handling of the street car, does not submit the negligence charged, and we think, from the evidence introduced, did not alone and disconnected from other circumstances and movements of the street car cause the collision. It is true that, in submitting the movement of the car at the curve as a negligent act, it would not be necessary to state the reason given by plaintiff why proceeding around the curve at that time would be negligence, but proceeding around the curve at a time when such movement of the street car would endanger plaintiff's safety and make it impossible for plaintiff to pass across Copia street, as in subdivision (a) of. the negligence assigned, or in stopping the street car in Copia street while making the curve into that street, as in subdivision (b) of the negligence assigned, are the circumstances charged in connection with the movement of the street car that, constitute the negligent acts causing the collision. The charge, we think, is subject to the objection made.

But we think the error is harmless in view of the findings made upon questions 1 and 2 as follows:

"Question No. One: Do you find from a preponderance of the evidence that defendant's motorman just prior to the time the said motorcycle ridden by plaintiff ran into the street car, failed to use ordinary care to keep a reasonably careful lookout for approaching vehicles? Answer: Yes.

"Question No. Two: Do you find from a preponderance of the evidence that the failure on the part of defendant's motorman, if he did so fail to use ordinary care in the matter submitted in the question just preceding, was a proximate cause of any of the injuries complained of in plaintiff's petition? Answer: Yes."

No point is made by appellant with respect to these two questions and findings thereon, and we think these findings are of themselves sufficient to support the judgment in plaintiff's favor. West Texas Coaches v. Madi (Tex. Com. App.) 26 S.W.(2d) 199.

The defendant pleaded: "That the said plaintiff at the time of and just prior to the collision failed to keep a proper lookout for his own safety and was driving or operating within the corporate limits of the City of El Paso upon a motorcycle at a fast, rapid, dangerous and immoderate rate of speed and at a rate of speed far in excess of 20 miles per hour in violation of law, and he was passing or attempting to pass other vehicles, persons and things upon the public street within the corporate limits of the City of El Paso at such a rate of speed as to endanger the life or limb of persons and the safety of property, contrary to the express provisions of the statute and his negligence in said particulars jointly and severally proximately caused or contributed to cause the collision and the consequent injuries, if any, suffered by him."

Upon this phase of the case the court submitted these questions as follows:

"Question No. eight: Do you find from a preponderance of the evidence that plaintiff at, or just prior to the collision in question herein, was driving a motorcycle in excess of twenty miles per hour?"

"Defendant's special issue C: Do you find that the plaintiff as he approached the street car intersection, failed to keep such a lookout for street cars and vehicles as an ordinarily careful and prudent person would have kept under the same or similar circumstances?"

"Question No. twelve: Do you find from a preponderance of the evidence that at or just prior to the collision in question plaintiff was operating his motorcycle at a greater rate of speed than a person of ordinary prudence would have operated same under the same or similar circumstances?"

Upon this phase defendant requested the submission of two additional questions as follows:

"No. A— Was the plaintiff at the time of and just prior to the collision with the street car, operating his motorcycle at such a rate

132

of speed as to endanger the life or limb of any person or the safety of any property? Answer yes or no.

"If you have answered the foregoing question in the affirmative, then answer the following:

"No. B. Did the rate of speed at which the plaintiff was operating his motorcycle at the time of the accident proximately cause or contribute to cause his injuries? Answer yes or no."

To the refusal of the last-quoted questions defendant assigns error.

Article 790 of the Penal Code, invoked by appellant in this connection, reads: "No person operating or driving a motor or other vehicle upon the public highways shall pass any motor or other vehicle, person or thing on any public highway of this State at such rate of speed as to endanger the life or limb of any person or the safety of any property. Any person violating any provision of this article shall be fined not less than five nor more than two hundred dollars."

We think no error is shown in refusing the requested special issues. The inhibition of the above statute has application to one driving a motorcycle upon a highway in passing another motor or other vehicle, and the requested charge makes no reference to any attempt or effort of plaintiff at the time to pass the street car or any motor or other vehicle. The evidence quoted by defendant under the proposition makes reference only to the speed at which plaintiff was driving his motorcycle at the time of the collision, but no statement of his effort at that time to pass any motor or other vehicle. Under the evidence quoted by defendant under the proposition, we think questions 8, 12, and defendant's special issue C, above quoted, sufficiently presented the issues of contributory negligence pleaded by defendant.

The case is affirmed.

PELPHREY, C. J. (dissenting).

I cannot agree with my brethren in the holding that the question of unavoidable accident is not raised by the evidence.

In the recent case of El Paso Electric Company v. Francisco Portillo, 37 S.W.(2d) 219, we held that the issue of unavoidable accident was raised by the evidence, and the writer is unable to distinguish between the facts there and those present here.

The action of the Supreme Court in granting writs in the cases of Railway v. Garrison (Tex. Civ. App.) 30 S.W.(2d) 1108, 1109, and Railway v. Darden (Tex. Civ. App.) 23 S.W.(2d) 739, has left some doubt as to just when the issue is, in their opinion, raised by the evidence.

In the first case, which was one involving a collision between a street car and an automobile at an intersection, the jury found that both the motorman and the driver of the automobile were guilty of negligence. The Court of Civil Appeals, in discussing the question, said: "Unavoidable accident, however, in the nature of things, precludes the presence of negligence as a proximate cause. And where the evidence conclusively shows negligence on the part of both parties to a collision, and that the cause of same is well known, as was true in this case, no issue of unavoidable accident is raised, and it is not error to refuse to submit it to the jury."

Judging by the notation made by the Supreme Court, it granted a writ on the ground that the Court of Civil Appeals was in error in holding that the evidence did not raise the issue. The evidence in the second case fully explained the manner in which the collision occurred, and the Supreme Court granted a writ in that case because the Court of Civil Appeals had held that a charge placing the burden of proof upon the defendant upon the issue of accident was harmless.

Albert Mayo, a witness for the defendant, testified that he was a passenger on the street car and standing just behind the motorman at the time of the collision. He further testified as follows: "I did not see the motorcycle until the crash came, and he (referring to the motorman) did not see it either. There was a car coming west on Hueco that kept him from seeing it. It was right in front of the street car at the intersection there. The automobile turned there and went south on Copia. It turned before the motorcycle. I never did see the motorcycle until it broke out from some place. I saw the automobile coming, but I did not see the motorcycle, never did see it. The automobile was at about where people walk across the street when I saw it, it was about where the stop sign is. I saw it turn south on Copia. The car must have been ahead of the motorcycle because I never did see it. The first I knew of the motorcycle was when it hit. The motorman never saw the motorcycle."

Walter Hudson, the motorman, testified: "When I just got started going around I saw an automobile coming down Hueco, going west, and he pulled up and turned south in Copia. I just fed on around, kept going, and when I got around, the front end about even with the north track why I heard a racket of —well, I didn't know what—and I glanced around and caught the headlight coming west to my right, and I stopped as quick as I could. When I first saw the motorcycle headlight it was five or six feet from me, and he just swings into the door, he hit the rear door in the front end and just slid on back by the side of the car to the read end. * * * After I heard this noise and saw this motorcycle there was not anything I could have done to stop my car any quicker. There was not a thing on earth I could have done to have

gotten out of his way after I saw this motorcycle."

John R. Hedrick, Jr., appellee, testified: "I got within about ten feet of the intersection of Hueco and Copia, and a Fort Bliss street car swung around the corner there, and I seen it coming around, it was going to swing to the left and I swung to my left to miss it. I was on the street car when it stopped,—right up to it. Whether it went ahead then or not I would have hit it. If it had continued to move I would have hit some portion of the street car. * * * I knew that the Government Hill cars and Fort Bliss cars came along there quite frequently, and that the Fort Bliss car turned north to go to Fort Bliss. * * * Sometimes the Fort Bliss car did not stop there at Copia but now they have to because they made Copia a stop street. They have to stop to throw the switch there. I knew he had to stop there. * * * I did not notice the street car. I was watching out for street cars. I thought it was just slowing up there as I was going down the street. There was not anything to interfere with my vision. I had a clear vision to the west. * * * I was about ten feet from the street car when it started up. I did not notice it until it got right there."

In deference to the action of the Supreme Court in the cases above referred to, and in conformity with our holding in the Portillo Case, supra, the writer feels constrained to hold that this evidence is sufficient to raise the issue of unavoidable accident, and that the case should be reversed and remanded because the issue submitted failed to place the burden as to such issue on appellee.