## EL PASO ELECTRIC CO. v. HEDRICK.

No. 1405—6038.

Commission of Appeals of Texas, Section B.

May 31, 1933.

Brown & Brooke, of El Paso, and Baker, Botts, Andrews & Wharton, of Houston, for plaintiff in error.

Jones, Goldstein, Hardie & Grambling, of El Paso, for defendant in error.

SHORT, Presiding Judge.

The following statement taken from the application for the writ of error shows the nature of the case, and the issues involved: "In a collision between a street car and a motorcycle ridden by John R. Hedrick of the City of El Paso, Texas, on the night of October 17, 1929, the plaintiff received certain personal injuries and brought suit against El Paso Electric Company to recover therefor. Based upon a verdict in his favor, judgment was rendered in the court below for $16,477.15. The case was submitted upon special issues in the trial court. An appeal was taken to the Honorable Court of Civil Appeals at El Paso after motion for a new trial was overruled. Upon appeal the Court of Civil Appeals affirmed the judgment of the District Court, holding that while the trial court had committed errors in the submission of the case, the errors were immaterial or harmless, and based upon the action of the appellate court in these particulars this application for writ of error is now presented."

The Court of Civil Appeals rendered a majority and a minority opinion, Chief Justice Pelphrey writing the minority opinion. These opinions are reported in 39 S.W.(2d) 128, 130. The majority opinion written by Associate Justice Walthall holds that while the district court committed error in submitting question No. 14 in the following form: "Do you find from the evidence that the col-

lision in question was an unavoidable accident? In connection with this issue you are charged that an unavoidable accident is an unforeseen and unexpected incident, which occurs without want of ordinary care on the part of any of the parties involved therein, proximately contributing thereto," because same placed an undue burden on the defendant, yet the error was immaterial because the evidence was insufficient to bring the case within the rule of unavoidable accident, holding that the causes were not so unknown or unexplainable as to make available a plea of accident, and that the defendant in error may for the first time, by counterproposition, in the Court of Civil Appeals claim the issue was without evidence to justify its submission. From this holding by the majority of the court, the Chief Justice dissented, being of the opinion that the issue of unavoidable accident was raised by the evidence, and that the case was governed by the holding of the same Court of Civil Appeals in the case of El Paso Electric Company v. Portillo, 37 S.W. (2d) 219.

The first assignment of error and the proposition in support thereof are as follows:

"The Court of Civil Appeals committed error upon a question of law material to a decision in this case injuriously affecting the defendant's right to maintain its defense of unavoidable accident in holding that the evidence was not sufficient to raise the issue of unavoidable accident and that therefore the error in the form of submitting the issue was not reversible or material error.

"The evidence clearly raised the issue and therefore the error in the manner of the submission of the issue of unavoidable accident was material under the defendant's general denial and special plea; because by the form of submission the trial court placed an undue burden upon the defendant."

The objection interposed to the charge of the court on this question was that the charge "placed an undue burden upon the defendant. The burden is upon the plaintiff to clear himself of those elements which would prevent a recovery and therefore the burden is upon him to show by a preponderance of the evidence that the collision and injuries were not the result of an unavoidable accident." There was also an objection to the charge on the ground that it failed to define properly the issue of unavoidable accident. The accident occurred at a street intersection. The street car line on Hueco ran generally east and west, and the electric car had reached the junction of its line with the Copia street line where it was turning to the left and north, when the motorcycle ridden by defendant in error, which was traveling on Hueco street west toward the street car, came in collision with this car.

■ Since the majority opinion held that the evidence did not raise the issue of unavoidable accident, it becomes necessary to discuss some of the testimony.

Albert Mayo, a witness for the plaintiff in error, testified that he was a passenger on the street car and standing just behind the motorman at the time of the collision. He testified as follows: "I did not see the motorcycle until the crash came, and he (referring to the motorman) did not see it either. There was a car coming west on Hueco that kept him from seeing it. It was right in front of the street car at the intersection there. The automobile turned there and went south on Copia. It turned before the motorcycle. I never did see the motorcycle until it broke out from some place. I saw the automobile coming, but I did not see the motorcycle, never did see it. The automobile was at about where people walk across the street when I saw it, it was about where the stop sign is. I saw it turn south on Copia. The car must have been ahead of the motorcycle because I never did see it. The first I knew of the motorcycle was when it hit. The motorman never saw the motorcycle."

Walter Hudson, the motorman, testified on this subject as follows: "When I just got started going around I saw an automobile coming down Hueco, going west, and he pulled up and turned south in Copia. I just fed on around, kept going, and when I got around, the front end about even with the north track why I heard a racket of—well, I didn't know what—and I glanced around and caught the headlight coming west to my right, and I stopped as quick as I could. When I first saw the motorcycle headlight it was five or six feet from me, and he just swings into the door, he hit the rear door in the front end and just slid on back by the side of the car to the rear end. * * * After I heard this noise and saw this motorcycle there was not anything I could have done to stop my car any quicker. There was not a thing on earth I could have done to have gotten out of his way after I saw this motorcycle."

The defendant in error, John R. Hedrick, Jr., testified on this subject as follows: "I got within about ten feet of the intersection of Hueco and Copia, and a Fort Bliss street car swung around the corner there, and I seen it coming around, it was going to swing to the left and I swung to my left to miss it. I was on the street car when it stopped,—right up to it. Whether it went ahead then or not I would have hit it. If it had continued to move I would have hit some portion of the street car. * * * I knew that the Government Hill cars and Fort Bliss cars came along there quite frequently, and that the Fort Bliss car turned north to go to Fort Bliss. * * * Sometimes the Fort Bliss car did not stop there at Copia but now they have to because they made Copia a stop street. They have to stop to throw the

switch there. I knew he had to stop there. * * * I did not notice the street car. I was watching out for street cars. I thought it was just slowing up there as I was going down the street. There was not anything to interfere with my vision. I had a clear vision to the west. * * * I was about ten feet from the street car when it started up. I did not notice it until it got right there."

The minority opinion also sets out in substance the testimony on this subject. According to the testimony of the witness Hudson, the operator of the street car, the collision was not the result of any negligence on his part. He stopped the car at the street intersection and rang his gong. After having done these things, he then started up slowly to turn to the left to proceed northward up Copia street. While he was slowly turning his car, there suddenly and without warning appeared the motorcycle, on which the defendant in error was riding, from behind an automobile which had been traveling westward towards the street car. The position of this automobile was such that it prevented the motorman from seeing the motorcycle until the automobile turned southward on Copia street, suddenly disclosing the motorcycle, but it was too late for the street car to get out of the way, or to prevent the collision by any other means. This testimony, in connection with the other testimony, quoted above, is consistent with the theory that the defendant in error was not negligent in causing the collision, nor was the motorman negligent in causing it. If neither the defendant in error nor the motorman was to blame for the collision, then there was no liability, and the accident itself was unavoidable. Whether such was the situation was a question of fact which the jury were entitled to determine under a correct instruction by the court. It is admitted by all parties that the instruction on this subject was incorrect, and also of a character likely to be prejudicial to the rights of the plaintiff in error. Having concluded that the issue of unavoidable accident was presented by the testimony, it necessarily follows that this assignment of error must be sustained. Texas & Pacific Ry. Co. v. Edwards (Tex. Com. App.) 36 S.W.(2d) 477; Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521; Galveston, H. & S. A. Railway Co. v. Washington, 94 Tex. 516, 63 S. W. 534.

■■ Upon the trial of the case, the plaintiff in error in its answer specially pleaded the provisions of article 790 of the Penal Code, to the effect that the defendant in error was guilty of contributory negligence in operating his motorcycle at such rate of speed in the city of El Paso as to endanger the life or limb of persons and the safety of property at the time of the collision. Among other testimony on this subject was that of Mike Morgan, a police officer, who testified for the plaintiff in error as follows: "The motorcycle was moving very fast before the crash. I do not know enough about motorcycles to know if it was picking up speed from the noise it made, but it made such a racket that it attracted my attention. When I saw it it was moving very fast. The motorcycle hit the street car about two feet to the rear of the front door. There are two doors in front. I mean the rear front door. Two feet back of this door there (indicating on Exhibit 'A'). It was a terrible crash. I wonder to this day how this boy ever lived after the crash."

Harry Betha was also a witness for the plaintiff in error, who testified among other things as follows: "The thing that first attracted my attention to the motorcycle was the noise of the wheels skidding on the pavement. When I first saw it it was up the street about a quarter of a block from the street car, it was pretty near the intersection, about fifty feet from it, I mean the intersection of Copia going east. I would say it was going between twenty and twenty-five miles an hour."

The accident occurred in the city limits of the city of El Paso. The plaintiff in error requested the court to submit to the jury these two issues, which request was refused:

"Was the plaintiff at the time of and just prior to the collision with the street car, operating his motorcycle at such a rate of speed as to endanger the life or limb of any person or the safety of any property?

"If you have answered the foregoing question in the affirmative, then answer the following:

"Did the rate of speed at which the plaintiff was operating his motorcycle at the time of the accident proximately cause or contribute to cause his injuries?"

The plaintiff in error assigned error on this action of the trial court, and the Court of Civil Appeals held that the trial court committed no error in refusing to submit to the jury the above stated issues. It is a well settled rule of trial procedure that a defendant is entitled to an affirmative submission of the issues raised by its pleading and the testimony and that where the trial court fails to submit such an issue in such a manner, and an objection is made to the charge on that ground and a correct issue submitted, it is the duty of the trial court to correct its charge and to submit such issues. We think this issue should have been submitted.

■ There is an assignment of error in the application based upon the action of the trial court in submitting to the jury the following special issue: "Do you find from a preponderance of the evidence that the defendant's motorman, was guilty of negligence in attempting to proceed around the curve at and just prior to the time of the accident."

The objection to the submission of this issue was that it was error to submit an issue

of negligence in this manner without referring to any specific act or fact, and without submitting any specific act described in the pleadings and supported by the testimony. In other words, that the submission of the issues in this form was not sufficiently specific to call the jury's attention to the fact sought to be ascertained, and that it was in effect a general charge. We think this assignment of error must be sustained.

We recommend that the judgment of the Court of Civil Appeals and that of the district court be reversed and that the cause be remanded for another trial not inconsistent with this opinion.

CURETON, Chief Justice.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.