### GOGGAN v. WELLS FARGO & CO. EXPRESS et al. (No. 7953.)

(Court of Civil Appeals of Texas. Galveston. Dec. 23, 1920.)

**I. Trial ⟜356(I) — Judgment erroneously rendered in absence of responses to material special issues.**

Response by the jury to material special issues, "Unable to say," when categorically directed to answer yes or no, amounted to no answer at all, and judgment could not be rendered thereon, although the court told the jury to answer the questions "as best they could" when the jury informed the court that it could not answer all of the questions.

**2. Trial ⟜356(I) — No judgment entered where jury fails to answer material issue.**

No judgment can be properly entered in a cause submitted on special issues where the jury fails to answer material matters so presented to them, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1988.

Appeal from Harris County Court, at Law; Roy F. Campbell, Judge.

Action by I. E. Goggan against the Wells Fargo & Co. Express and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Woods, Barkley & King and Charles A. Murphy, all of Houston, for appellant.

Baker, Botts, Parker & Garwood and Gill, Jones, Tyler & Potter, all of Houston, for appellees.

GRAVES, J. Goggan sued the Galveston Hotel Company and Wells Fargo & Co. Express to recover for the loss of a hand bag and its contents of the alleged value of $419.-65. He averred that on leaving the first company's hotel at Galveston, where he had been a regular guest, he left the hand bag—containing a number of articles, the separate values of which he set out—in the company's charge, and that he afterwards requested it to deliver the bag and contents to the express company for transportation to him at Houston; that the hotel company failed to transport the property to him, but appropriated the same to its own use and benefit; in the alternative, he alleged that the hotel company did as requested deliver both bag and contents to the express company with instruction to ship them C. O. D. to him at Houston, that the latter company duly received them for such transportation, but did not deliver the property to him, and appropriated it to its own use and benefit.

Both defendants answered by demurrers, general and special, by general denial, and by special answers which it is not thought necessary to further describe.

Twenty-one special issues of fact were submitted to a jury among them Nos. 3, 5, and 7, which were as follows:

"Special Issue No. 3. If you have answered special issue No. 2 in the affirmative, and only in that event, you will answer this question:

"Did the defendant express company receive the bag and contents set out in plaintiff's petition, on or about September 15, 1917, from the Hotel Galvez in the city of Galveston, Tex., for transportation to Goggan in the city of Houston?

"You will answer, 'Yes,',or, 'No,' as you find the fact to be."

"Special Issue No. 5. If you have answered the preceding interrogatory in the affirmative, and only in that event, you will answer the following:

"Were the hand bag and the contents of the same in the same condition when the express company received it from the hotel as when plaintiff, Goggan, left it with the hotel company?

"You will answer, 'Yes,' or, 'No,' as you find the facts to be."

"Special Issue No. 7. What was the value of the hand bag and contents on the 15th day of September, 1917?

"In this connection you are instructed to eliminate the value of the cameo in making your answer to this issue."

The jury, after their retirement and before answering these or any other propounded, reported themselves unable to answer some of the questions in the manner put, whereupon the court, with the consent of counsel for both sides, instructed them to answer such ones as best they could.

By issues Nos. 1, 2, and 4 inquiry was made as to whether Goggan on June 3, 1917, was the owner of the bag and contents, as alleged in his petition, whether the hotel company delivered a hand bag of any charac-

---

ter to the express company on September 15, 1917, for shipment to him at Houston, and whether all the items alleged in his petition were in the bag on June 30th when he left it in the custody of the hotel company; all three of these questions were answered, "Yes."

By No. 6 the value of the bag and contents on the 30th day of June was asked, which the jury fixed at $400.65, and by No. 8 and the answer it was found that Goggan instructed the hotel to ship them to him at Houston on September 15th by express.

The findings thus given, it is thought, sufficiently indicate the materiality of those sought to be elicited by the quoted issues 3, 5, and 7. The response of the jury to these were: No. 3, "Unable to say as to contents." No. 5, "Unable to say." No. 7, "Unable to say."

It thus appears that, after the plaintiff had charged that one or the other of the defendants had appropriated his property, and after the jury had found that he delivered it intact as alleged—both as to contents and value—to the hotel company with instructions to ship it to him at Houston by express, and that on the very day he gave these instructions the hotel company had delivered to its codefendant for shipment to him at Houston a hand bag of some character, they failed to determine one way or the other, first, whether the express company had on that day received his bag and contents for such transportation, second, whether it and its contents were in the same condition when the express company received it from the hotel as when he left it there, and, third, what its value was on the day he had directed its delivery to the express company.

On the return of this verdict, carrying as it did answers to the remaining inquiries, the plaintiff moved the court either to enter judgment on the verdict in his favor or to decree a mistrial; this motion was refused, and, on the request of defendants, judgment in their favor and against plaintiff followed.

His motion for a new trial having been overruled, plaintiff appeals, contending that issues 3, 5, and 7 were material ones, that the jury failed to answer them, and that as a consequence the court was left in no position to enter a judgment against him.

[1] We think the appellant's position correct. It must be assumed that there was some evidence justifying a finding one way or the other upon these matters, else the court would not have submitted them, and the jury's response that they were "unable to say," when categorically directed to answer yes or no to such plain questions as these, amounted to no answer at all; neither in our opinion does it improve this situation any to say that the responses made were equivalent to a finding against the party having the

burden of proof upon these issues, or that the instruction to answer "as best they could" amounted to a withdrawal of them from the jury's consideration by the court.

The previously recited fact appearing from the record is that the court did not withdraw them, but, after being informed by the jury of their inability to answer in the manner designated in the question, sent them back to answer "as best they could," and the jury were still "unable to say" or "unable to determine" one way or another. Surely this reply could not be said to fairly dispose of the issues; it rather but emphasized the jury's omission to make any finding and made it impossible to determine which of the defendants in the suit was liable to the appellant.

[2] The rule is well settled under our system, in fact statutory, that no judgment can be properly entered in a cause submitted on special issues where the jury fails to answer material matters so presented to them. Vernon's Sayles' Statutes of 1914, art. 1988; Bargna v. Bargna, 127 S. W. at page 1160; Cisco Oil Mill v. Van Geem, 166 S. W. at page 440(1).

The judgment is reversed, and the cause remanded.

Reversed and remanded.

⬤ːːFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes