## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. CHESTNUT.

### No. 3215.

Court of Civil Appeals of Texas. El Paso.
June 6, 1935.

Rehearing Denied June 27, 1935.

Perkins & Perkins, of Rusk, and Ramey, Calhoun & Marsh, of Tyler, for appellant.

Smithdeal, Shook, Spence & Bowyer, of Dallas, Norman & Norman of Rusk, and Collins & Fairchild, of Lufkin, for appellee.

WALTHALL, Justice.

This cause was instituted in the district court of Cherokee county, Tex., by appellee, R. H. Chestnut, in his capacity as guardian of the estate of Clark Durham, Bryce Durham, and Eva Durham, minor children of their mother, Vera Durham, against the appellant, St. Louis Southwestern Railway Company of Texas, to recover damages alleged to have been sustained by said minor children on account of the death of their mother Mrs. Vera Durham, as a result of a collision between an automobile Mrs. Vera Durham was operating at the time of the collision, and a passenger motor train of appellant, at a crossing of state highway No. 40 and said train. After describing said highway at said crossing as much traveled and used by all kinds of vehicles, and as crossing said railroad track, not at right angles, but at an angle of some thirty degrees, and the crossing obscured and hidden because of a high grade, dump, or embankment on both sides of the highway and heavy growth of timber, so that neither travelers on the highway nor trainmen approaching the crossing could see each other until shortly before reaching the railroad and highway intersection, and that because of said conditions said crossing was rendered unusually dangerous and hazardous, it is alleged that it was the duty of the appellant railroad company to install at said crossing an automatic wigwag and an automatic ringing bell. It is alleged that while Mrs. Vera Durham was attempting to cross said railroad track at said crossing, and exercising due care for her safety, her automobile came in collision with appellant's train and she was killed.

Appellee assigns as negligence proximately causing said collision and Mrs. Vera Durham's death which the court submitted to the jury on special issues, and in the order stated, and on which the jury made findings, the following:

Failure of appellant to place and maintain upon said train a bell such as is required by article 6371 of the statute (Vernon's Ann. Civ. St.); failure to blow the whistle at the distance from the crossing required; failure to commence and continue ringing the bell at such crossing as required; failure to keep the train under control at the crossing, but operating the train at a dangerous and reck-

less rate of speed; failure to construct and maintain at the crossing an automatic bell and wigwag signal; failure to keep a lookout at the crossing in the direction the train was approaching to discover Mrs. Vera Durham at the crossing; the retention in its employment of the engineer operating the train who, because of his age and impairment of his eyesight, was unfit to perform the duties required of him, and who appellee alleged was notoriously careless, and incompetent to operate the train; discovered peril.

Appellant answered by demurrers, general and special, and subject thereto, further answered by general denial and special denial, and alleged that Mrs. Vera Durham was negligent in several particulars, each of which separately and concurrently proximately caused or contributed to cause her injuries and death. That she failed to keep a proper lookout in approaching the crossing; failed to stop and listen; failed to exercise ordinary care in attempting to pass over said crossing; failure to drive her automobile at a reasonable rate of speed at the crossing; failure to equip her automobile with brakes in good and working order; attempting to cross the railroad tracks after she discovered the approaching train. On the issues submitted and found, the jury assessed the damages at $15,000, and apportioned the damages among the minors.

The court overruled appellant's motion for judgment and entered judgment for appellee. The court overruled appellant's motion for a new trial, to which appellant excepted, and prosecutes this appeal.

## Opinion.

A few general undisputed facts stated from the record might be of service in helping to understand some of the matters presented. The appellant's railroad on which the collision involved here occurred runs from Tyler, Tex., to Lufkin, Tex.; the direction of the road between those two points is generally northwest and southeast. The crossing of highway No. 40 with the railroad is in a rural section about five miles from Alto, and about seven miles from Rusk. On the morning of November 14, 1932, Mrs. Vera Durham was riding alone in her automobile, going from Alto to Rusk. She was traveling, when reaching the crossing, at about 30 miles an hour. The highway crosses the

railroad track diagonally. The surface of the highway, as it approaches the crossing for some distance, is lower than the surface of the ground on either side until a point about 65 feet from the crossing is reached. From that point to the crossing the surface of the highway is about the same as that of the land. The evidence, from photographs and from witnesses who testified, shows that an embankment, trees, and underbrush and a barn, more or less obscures a motor train, such as this was, approaching the crossing as this train was from one riding in an automobile, approaching the crossing, until the automobile was about 64 feet of the crossing. There was no automatic wigwag or automatically ringing bell at the crossing indicating the approach of the train at the crossing of the highway. There is much traffic over that highway. The railroad train consisted of a motorcar and a trailer, that is, a combination car. The engineer was sitting on the front end of the motorcar, and in approaching the crossing the train was running about 35 miles an hour.

With the above as a brief picture of the approach to the crossing and the approach thereto of the automobile and the train, the court submitted the charges whether the jury found that the engineer discovered the presence of Mrs. Vera Durham at the crossing before the collision, and whether, after discovering her the engineer realized her perilous position at the time, and whether the engineer realized that she would not likely remove herself from danger in time to avoid injuring her, and whether the engineer failed to exercise ordinary care to avoid injuring her, and whether, if the engineer did fail, was such failure negligence and the proximate cause of her injury and death.

Appellant's first six propositions, briefly stated, submit that under the undisputed evidence the charges on discovered peril should not have been submitted; that the charge was without support in the evidence; that the finding of the jury was without support in the evidence, and should have been set aside.

The engineer testified by deposition; he said he discovered Mrs. Durham's car when about sixty feet from the crossing; her car was about the same distance; up to that time she was hidden by obstructions; said he applied the brakes the moment he saw her.

"Q. Did your train slow down any? A. It must have slowed down some as it hit the car."

He said the weather was dry and the train was light; she was looking straight ahead as well as he could tell; when he put on the brake he put on the sanders; made as quick a stop as he could.

The conductor of the train testified: Did not see Mrs. Durham's car as it approached the crossing; knows the brakes were applied; did not say when or where they were applied. In answer to the question, how far did your train go beyond the crossing after it hit the automobile, the witness, in estimating the distance, said, "about three hundred feet." Other witnesses testified to a greater distance. Several witnesses within hearing distance of the crossing testified that they did not hear the bell ring nor the brakes applied until after they heard the crash of the collision. The jury, under the evidence could conclude that the bell did not ring and the brakes were not applied until after the collision. Now, again, if the engineer saw the automobile at a distance of about 60 feet from the crossing and the automobile was about the same distance from the crossing, and the two were going at about the same speed as testified to by the engineer, the jury could very well reason that with the brakes applied and the track sanded and the weather dry, the train and the automobile would not have reached the same point on the crossing at the same time, and the train would not have gone 300 feet after striking the automobile.

██ We think the court was not in error in submitting the issues complained of; nor can we say that the evidence was not sufficient to justify the verdict.

The next several propositions of appellant are directed to the question of contributory negligence of Mrs. Durham, the deceased.

The court submitted the issues, and the jury found that Mrs. Durham did not fail to keep a proper lookout; that she did not fail to look and listen for an approaching motor train, and several issues of similar import.

Appellant submits that the undisputed evidence shows that deceased, as she approached the crossing, did not stop nor look nor listen for the motor train nor lessen the speed of her automobile to wait until the train had passed, nor in anywise take any steps to ascertain whether or not she could cross the tracks in safety; and that such failure constituted contributory negligence as a matter of law.

The claim made by appellant under these propositions is to the effect that the undisputed evidence shows that Mrs. Durham was negligent as a matter of law in approaching the railroad crossing and in undertaking to drive across the crossing without stopping or lessening the speed of her automobile to wait until the train had passed, nor in anywise take steps to ascertain whether she could safely pass over the crossing, and that the court should have given appellant's submitted charge to instruct the jury in its favor.

██ In considering this proposition we have reviewed many cases cited by appellant, and others not cited, in support of its propositions. The facts of each case necessarily differ from those of every other case. In the cases referred to and others, by reason of the varying facts involved, necessarily the question must be determined according to a fixed standard or test to be applied to the facts in each case. The standard or test to be applied where the courts have declared a party guilty of negligence proximately causing his injuries as a matter of law in attempting to cross a railroad track barring a recovery, the evidence must be of such a character as that there is no room for ordinary minds to reach any other conclusion. Choate v. S. A. & A. P. Ry. Co., 90 Tex. 82, 88, 36 S. W. 247, 37 S. W. 319.

In Weatherford, M. W. & N. W. Ry. Co. v. Thomas (Tex. Civ. App.) 175 S. W. 822, to justify such holding the evidence must show an absence of justifying or excusing circumstances. In G., H. & S. A. Ry. Co. v. Price (Tex. Com. App.) 240 S. W. 524, 526, the court reviewed many cases in which different conclusions were reached upon the question we are here considering. The test there applied upon the uncontradicted evidence and the specific findings of the jury present a clear case of a pedestrian stepping in front of a slowly-moving train "under circumstances which present no excuse for his not discovering it."

While the issue of contributory negligence of appellant in failing to look and listen is separate and distinct from all other issues, we think we may, in considering the issue, also take into considera-

tion the finding of the jury on some of the other issues such as a failure to ring the bell, and failure to exercise ordinary care after discovering Mrs. Durham, which necessarily included the application of the brakes and the sanding of the rails, and on which issues the jury found against appellant.

Then, we have almost a noiseless motor train, no engine, no smoke, no puffing of the train, no bell ringing, no noise from brakes or sanded rails, only two light coaches that could be seen by looking at a distance of about 60 feet, according to the statement of the engineer, the speed of the train possibly not known to Mrs. Durham. There seems to be nothing to attract Mrs. Durham's attention, or cause her to look for the presence of the train, other than the railroad crossing sign and the tracks, of which she probably knew.

We think we would not be justified by the undisputed facts and the findings of the jury on the disputed facts in saying that Mrs. Durham was negligent as a matter of law. We think the court was not in error in submitting the issue to the jury.

But aside from what we have said above the rule seems now well established that where the operator of the train, in this case the engineer, discovers the peril of the person driving the automobile in time to avoid the injury, by the exercise of ordinary care, in the use of means at hand, consistent with the safety of the train and others, a new duty arises to exercise such care, and a failure to do so creates liability, regardless of the original cause of the perilous condition brought about by the driver of the automobile. Dallas Ry. & Terminal Co. v. Bankston (Tex. Com. App.) 51 S.W.(2d) 304, and referring to a number of cases as so holding, to which we refer.

The pleading and the evidence clearly raise the issue as to whether the engineer discovered Mrs. Durham in time to avoid the collision by the use of the means at hand. The engineer testified that he saw her at a distance of about 60 feet from the crossing, the nearest point at which he could have seen her; that his brakes were good, his sanders were in working order, and that he applied both, but the evidence of other witnesses tends to show that he did not apply either brakes or sanders until after the collision. The

jury found against appellant on the issues and that the accident was not unavoidable.

We need not discuss the question presented as to the failure of appellant to ring the bell more than to say that the evidence was sufficient to have justified either finding, and the jury found the issue against appellant.

We have found no reversible error, and the case is affirmed.