## PANHANDLE & S. F. RY. CO. v. NAPIER.
### No. 3286.

Court of Civil Appeals of Texas. El Paso.
Feb. 6, 1936.

Rehearing Denied Feb. 20, 1936.

Terry, Cavin & Mills, of Galveston, W. C. Jackson, of Fort Stockton, and Collins, Jackson & Snodgrass, of San Angelo, for appellant.

Travers Crumpton and Silliman, Johnson & Crumpton, all of Fort Stockton, for appellee.

PELPHREY, Chief Justice.

On the night of December 10, 1934, appellee was injured at a crossing on the line of appellant located a short distance west from the town of McCamey, Tex.

The railroad on both sides of the crossing runs in an east-west direction. Highway No. 99, upon which appellee was driving at the time of his injury, also runs in an east-west direction from McCamey westward for a short distance, and then it curves to the north to the crossing, until as it crosses the railroad its direction is practically north-south.

At the time of the accident appellee was driving his car, a Ford two-door sedan, in a northerly direction on his way from McCamey to Fort Stockton. In the car with him were two young ladies and another young man. An engine belonging to ap-

pellant was backing over the crossing in an easterly direction and a collision occurred between appellee's car and said engine; the automobile striking the engine at or near the drive wheels on the left side.

This suit was filed in the Eighty-Third district court by appellee alleging that the negligence of appellant's agents was the proximate cause of the collision and seeking to recover damages for his injuries.

The grounds of negligence were: (1) Operating the train at night without any light; (2) failure to blow the whistle at least 80 rods before reaching the crossing; (3) failure to ring the bell at least 80 rods before reaching the crossing and keeping it ringing until the crossing was reached; (4) failure to give a signal of the approach of the train until it was too close to the crossing; (5) running the train at an excessive and dangerous rate of speed; (6) failure to keep a proper lookout; (7) failure to use the means at hand to avoid injuring appellee after his peril was discovered; (8) failure to keep a flagman at the crossing; (9) operating the train backward without having light on the rear of the engine. His injuries were alleged to be: (1) Complete loss of sense of taste and sense of smell; (2) loss of cerebral spinal fluid; (3) injury to back, spinal column, kidneys, and nervous system; and (4) impairment of hearing.

The jury found that appellant's employees failed to blow the whistle at the statutory distance; that such failure was a proximate cause of appellee's injuries; that they failed to ring the bell at the distance prescribed by the statute and to keep it ringing until the train was over the crossing; that such failure was a proximate cause of appellee's injuries; that they operated the train without a light casting a reflection in the direction in which the train was moving; that such operation was negligence and a proximate cause of appellee's injuries; that they discovered appellee's peril in time to have avoided the collision; that their failure to avoid the collision after discovering appellee's peril was negligence and a proximate cause of appellee's injuries; that appellee did not fail to look for the approach of the train at the crossing; that he did not fail to listen for the train's approach; that he was not operating his automobile at an excessive rate of speed; that his automo-

bile was under proper control; that appellee's injuries were not the direct and proximate cause of an unavoidable accident; and that his damages were $3,500. Upon these findings judgment was rendered in favor of appellee for the sum of $3,500, and this appeal followed.

### Opinion.

Appellant presents 16 assignments of error and 12 propositions in which it complains of the trial court's action in overruling its motion for an instructed verdict; in submitting issues on the theory of discovered peril; in not properly placing the burden of proof upon the plaintiff in the issue of unavoidable accident; in refusing to submit an issue as to whether appellee failed to exercise ordinary care to determine whether a train was moving over the crossing; in refusing to submit an issue as to whether appellee was negligent in driving a car in his then condition; in refusing to submit an issue as to whether appellee was negligent in failing to stop his automobile before striking the train; and in refusing to submit an issue as to whether appellee was negligent in failing to discover the presence of the engine in time to avoid striking it.

A decision of the first three questions calls for a study of the physical facts and the testimony of the witnesses who were present at the time of the collision.

From such a study we find the following facts uncontroverted: That appellee knew the crossing was there; that he had a clear view for a quarter of a mile before he reached the crossing; that the collision occurred about midnight; that as the automobile turned the curve leading to the crossing its lights were on the crossing; that the brakes and lights on the automobile were good; that the collision occurred at night; that the train was backing over the crossing with no backup headlight on the rear of it casting any reflection in the direction it was going; and that the automobile struck the engine on or near the drivers.

Appellee testified that he was driving at a speed of not more than 15 miles per hour; that he had slowed down coming around the curve on account of the crossing; that he saw the crossing sign; that he could see 30 feet ahead; that from his experience in driving cars he knew he could stop the car within 15 feet at a speed of 15 miles per hour; that he was about 10 feet from the engine when he first saw it; that he looked up and down the track when he first saw the crossing sign; that he heard no bell or whistle and saw no lights on the train; that he saw the white posts on the side of the highway on the opposite side of the track after he first saw the crossing sign; that he kept looking until he reached the track; and that he applied his brakes and tried to stop when he saw the train.

In view of the fact that the judgment must be reversed, we shall not discuss the weight of the above testimony except to hold that it does not show contributory negligence on the part of appellee, as a matter of law. St. Louis Southwestern Ry. Co. v. Chestnut (Tex.Civ.App.) 83 S. W.(2d) 1052 (writ dismissed).

The fireman on appellant's train testified that he first saw the lights on the automobile when it was past the middle of the curve which leads to the crossing; that the engine at that time was 50 or 60 feet west of the crossing; that the bell on the engine was ringing; that he told the engineer nothing about the approaching car and did nothing himself; that no whistle was blown after he saw the lights; and that after seeing the lights on the approaching car he ceased to look in that direction and leaned out of the cab looking up the track in the direction the train was going.

From these facts and the further fact that the automobile struck the engine only a few feet from a point under the place where he was sitting, the question of whether he saw the automobile after the danger became imminent was one for the jury, and it would not be bound by his statement that he did not see the automobile again after he first saw its lights.

If there is evidence to support a finding that the injury was brought about by some unknown cause, or in some manner which is not explained, or under circumstances differing from those relied on and constituting a part of plaintiff's case and which circumstances rebut the charge of alleged negligence for which defendant is responsible, then the issue of unavoidable accident should be affirmatively submitted. Wichita Falls Traction Co. v. Craig (Tex.Civ.App.) 250 S.W. 733; Colorado & S. Ry. Co. v. Rowe (Tex.Com. App.) 238 S.W. 908; Russell v. Bailey (Tex.Civ.App.) 290 S.W. 1108; Dallas Railway & Terminal Co. v. Garrison (Tex. Com.App.) 45 S.W.(2d) 183.

■ If there be evidence sufficient to support findings that neither party was negligent, then the issue is presented. Texas & P. Ry. Co. v. Edwards (Tex.Com.App.) 36 S.W.(2d) 477; Greer v. Thaman (Tex.Com.App.) 55 S.W.(2d) 519; Orange & N. W. Ry. Co v. Luther Harris (Tex.Sup.) 89 S.W.(2d) 973, not yet reported [in State report].

■ We are of the opinion that the facts here presented bring this case within the above holdings.

■ The issue being in the case, the court should have framed the issue of unavoidable accident so as to place the burden of proving the negative upon appellee. Rosenthal Dry Goods Co. v. Hillebrandt (Tex.Com.App.) 7 S.W.(2d) 521; El Paso Electric Co. v. Portillo (Tex.Civ.App.) 37 S.W.(2d) 219, and cases cited.

The issue as submitted did not meet this requirement, and for that reason the judgment must be reversed.

The requested issues as to the negligence of appellee were covered by those submitted, and the assignments relating to the trial court's refusal to submit such issues are overruled.

The judgment of the trial court is reversed and the cause remanded because of the improper submission of the issue of unavoidable accident.