## DALLAS RY. & TERMINAL CO. v. BROWN.

### No. 3405.

Court of Civil Appeals of Texas. El Paso.

Sept. 3, 1936.

Rehearing Denied Oct. 22, 1936.

Allen Charlton and Worsham, Burford, Ryburn and Hincks, all of Dallas, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

HIGGINS, Justice.

This is a suit by Agnes Brown against the appellant to recover damages for personal injuries. Miss Brown was a passenger upon one of the appellant's street cars in Dallas. She boarded the car on Main street at Poydras. After receiving passengers at Poydras, the car proceeded eastward upon Main street. Before the plaintiff had seated herself, the car stopped suddenly for the reason later shown. The plaintiff alleged it was negligently stopped with a violent jerk and lurch, causing her to fall and inflicting the injuries alleged.

Various issues of negligence charged against the motorman of the street car were submitted, some of which were found against the defendant. The evidence would have supported findings in defendant's favor upon all of the grounds of negligence charged against it.

All issues of contributory negligence were found in plaintiff's favor and the evidence supports such findings. An issue was submitted inquiring whether the accident was an unavoidable one. To such issue no answer was returned. Plaintiff's damages were assessed at $6,175, which included $175 for medical attention. For such damages judgment was rendered in plaintiff's favor, from which the defendant appeals.

Error is assigned to the action of the court in not declaring a mistrial because of the failure of the jury to answer the issue as to unavoidable accident and in rendering judgment for plaintiff in the absence of a finding upon such issue.

The action of the motorman in stopping the street car was occasioned by a Ford automobile driven by Gromer Morten. Briefly stated, the motorman testified that, when he first noticed the Ford car, it and the street car were east of Poydras street. The Ford was about 12 feet in front of the street car and to the right. He fol-

**336**

lowed the Ford about 12 feet behind it. The street car and the Ford were traveling about 8 miles an hour. The Ford traveled about 100 feet and then swung to the left and stopped; or practically stopped, without any signal. When the Ford veered to the left and stopped, it was then to some extent in the path of the street car. In an effort to avoid the collision which followed, the motorman stopped the street car. The motorman further testified: "I could have stopped quicker by jerking the car. I considered the comfort of the passengers. I didn't want to be too rough with the street car. That is why I didn't stop quicker. I hit the left rear fender of the auto just scratching the edge of it for about two feet. I bent the fender for about two feet, not more than two inches in width. It didn't knock the auto forward any. I had almost stopped when I got to him. I felt no jar when I hit the auto. It caused me no jar. The street car was a whole lot heavier than the auto."

From this evidence the jury would have been warranted in believing the accident occurred without fault upon the part of the motorman or the plaintiff and that it was caused by the unexpected action of Morten in veering his automobile to the left and suddenly stopping without warning.

 In Orange & N. W. R. Co. v. Harris (Tex.Sup.) 89 S.W.(2d) 973, 975, Justice Sharp lays down the rule: "The issue of unavoidable accident is raised when there is evidence tending to prove that the injury resulted from some cause other than the negligence of the parties. Texas & P. Ry. Co. v. Edwards et al. (Tex.Com.App.) 36 S.W.(2d) 477; Greer v. Thaman et al. (Tex.Com.App.) 55 S.W. (2d) 519."

The evidence stated above brings this case within the rule so announced. Other cases supporting the view that such evidence raises the issue of unavoidable accident are: Thurman v. Chandler, 125 Tex. 34, 81 S.W.(2d) 489; Dallas Ry. Co. v. Speer (Tex.Civ.App.) 299 S.W. 507; Dallas Ry. Co. v. Alexander (Tex.Civ. App.) 23 S.W.(2d) 512; Dallas Ry. & Terminal Co. v. Boland (Tex.Civ.App.) 53 S.W.(2d) 158; Dallas Ry. & Terminal Co. v. Garrison (Tex.Com.App.) 45 S.W.(2d) 183; Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.(2d) 944, 950, 97 A.L.R. 1513; Greer v. Thaman (Tex.Com.App.) 55 S.W.(2d) 519; New Nueces Hotel Co. v. Sorenson, 124 Tex.

175, 76 S.W.(2d) 488; El Paso Electric Co. v. Hedrick (Tex.Com.App.) 60 S.W. (2d) 761; Panhandle & S. F. Ry. Co. v. Napier (Tex.Civ.App.) 90 S.W.(2d) 926.

It follows the assignment of error must be sustained.

 The testimony of Dr. Keeler showing payment to him of $160 for medical treatment was inadmissible, because he was not licensed to practice medicine in this state. Article 739 (as amended by Acts 1931, c. 49, § 3 [Vernon's Ann.P.C. art. 739]), and articles 740, 741 and 742, P.C. Teem v. State; 79 Tex.Cr.R. 285, 183 S.W. 1144.

Other propositions relate to matters which should not occur upon the retrial, for which reason discussion thereof is omitted.

Reversed and remanded.