**RAWLS et al. v. HOLT.**

No. 4438.

Court of Civil Appeals of Texas. El Paso.

Nov. 8, 1945.

Rehearing Denied Dec. 6, 1945.

Swearingen & Bledsoe, of Marfa, and Scott Snodgrass, of San Angelo, for appellants.

Upton, Upton & Baker, of San Angelo, for appellee.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of Reagan County. Appellants J. W. Rawls and T. H. Rawls sued Noble Holt for damages growing out of the sale of something over two thousand head of sheep to them by said Holt, consideration paid by them to Holt being the transfer of about 250 head of cattle and payment in cash of something over fifteen thousand dollars. The trial was before the court with a jury, and submission on special issues. The jury were unable to agree on answers to all of the issues submitted, but returned in court as their verdict the issues upon which they were able to agree. This verdict was accepted by the court, and judgment was rendered thereon in favor of defendant. The plaintiffs, J. W. and T. H. Rawls, have perfected this appeal.

The case is here on the transcript alone. The plaintiffs contend that the verdict was insufficient to warrant the entry of a judgment and the court should have declared a mistrial.

Plaintiffs sought damages on the ground that in the sale of the sheep to them defendant fraudulently represented that the sheep were free from any latent or concealed disease, and were in every way suitable for breeding purposes; that such representations were false in that the sheep were not free from any latent or concealed disease, but were affected by such disease and thereby rendered unsuitable for breeding purposes. The knowing fraudulent concealment of the condition of the sheep was alleged. Recovery was sought also for the alleged breach of an alleged express and implied warranty. It is deemed unnecessary to set forth all of the issues submitted indicating the jury's findings or absence of finding thereon. Only three issues of the fourteen submitted were answered. Eleven were given by the court on its own motion, and three additional issues on request of the defendant. In the entry of the judgment the court copies issues 1, 2 and 5, and recites that those issues are the controlling issues in the cause, and that the remaining issues submitted to the jury that were not answered pertained only to evidentiary matter, and some were conditionally submitted, and that the issues that were not answered would have no control or effect if answered, and would not be contradictory to the issues answered, and by reason thereof the court finds that the plaintiffs are not entitled to recover. We here reproduce the first ten issues, together with the findings of the jury:

Special Issue No. 1. Do you find from a preponderance of the evidence, at the time the trade was consummated herein, that said sheep were sold by the defendant Holt to the plaintiffs *Ralls* for breeding purposes?

Your will answer "Yes" or "No".

Answer: Yes.

F. E. Best, Foreman.

Special Issue No. 2. If you have answered Special Issue No. 1 next above "No" you need not answer this Special Issue, but if you have answered Special Issue No. 1 next above "Yes", then you will answer: Do you find from a preponderance of the evidence that the sheep involved herein, at the time such trade

was consummated, were suitable for breeding purposes?

Answer "Yes" or "No".

Answer: Yes.

F. E. Best, Foreman.

Special Issue No. 3. Do you find from a preponderance of the evidence that the sheep involved herein, at the time such trade was consummated, were then infested with what is commonly known as "yellow liver"?

Answer "Yes" or "No".

Answer ———.

Special Issue No. 4.

If you have answered the foregoing Special Issue No. 3 "Yes" then you will answer the following:

Do you find from a preponderance of the evidence that such infection with what is commonly known as "yellow-liver" rendered such sheep not suitable for breeding purposes?

Answer "Yes" or "No".

Answer ———.

Special Issue No. 5. Do you find from a preponderance of the evidence that the defendant Holt represented to the plaintiffs *Ralls,* prior to or at the time of the consummation of the trade herein, that said sheep were sound and free from a latent or concealed disease?

Answer "Yes" or "no".

Answer: No.

F. E. Best, Foreman.

If you have answered the foregoing Special Issue No. 5 "Yes" and only in such event, then you will answer the following:

Special Issue No. 6. Do you find from a preponderance of the evidence that such representations "that said sheep were sound and free from a latent or concealed disease" were false?

Answer "Yes" or "No."

Answer ———.

If you have answered the foregoing Special Issue No. 6 next above "Yes", and in that event only, then answer:

Special Issue No. 7. Do you find from a preponderance of the evidence that at or prior to the consummation of the trade herein the defendant Holt knew of such condition of such sheep, if any?

Answer "Yes" or "No."

Answer ———.

If you have answered the foregoing Special Issue No. 7 "Yes" and only in that event, then answer the following:

Special Issue No. 8. Do you find from a preponderance of the evidence that the defendant Holt concealed the fact from the plaintiffs *Ralls* "that the sheep were suffering with a latent or concealed disease?"

Answer "Yes" or "No".

Answer: ———.

If you have answered Special Issue No. 7 "Yes" and in such event only, then answer:

Special Issue No. 9. Do you find from a preponderance of the evidence that such representations, if any, were made by the defendant Holt to induce the plainti*fifs Ralls* to consummate such trade?

Answer "Yes" or "no".

Answer: ———.

If you have answered Special Issue No. 6 "Yes" and only in such event, then answer:

Special Issue No. 10. Do you find from a preponderance of the evidence that the plaintiffs *Ralls,* in consummating such trade, relied on the truth of such representations, if any?

Answer "Yes" or ".o."

Answer: ———.

(Issue No. 11 was an attempt to submit elements of the measure of damages and same was unanswered, although unconditionally submitted.)

■ Considered alone, the finding on Special Issue No. 2 would demand a judgment in favor of defendant, on the issue of either an express or implied warranty as to the suitability of the sheep for breeding purposes. It means that if there was such a warranty there was no breach thereof. It is true that greater burden is placed upon the defendant than the law requires. Further, a negative answer might not have established any actual element necessary to a recovery by plaintiffs. In order to show a breach of any such warranty it is incumbent upon the plaintiff to show by a preponderance of the evidence that the sheep were unsuitable for breeding purposes. Later we will discuss the finding on this issue in relation to issues 3 and 4 upon which there was no finding.

■ Beyond a doubt the finding on Special Issue No. 5 was conclusive on the issue of fraudulent misrepresentation. The

representations relied upon were found not to have been made. The issue of an express warranty was not submitted unless submitted by this issue. However, it is thought same was not submitted. If it was sufficient for that purpose, the finding was against plaintiffs thereon. In issues 7 and 8, the answer of 7 is conditional on and refers to the answer to 6, and 8 is conditional and refers to the answer to No. 7. Neither 6 nor 7 was answered in the affirmative, in fact, as to the ten questions we have reproduced, the jury observed the directions of the court save as to 3 and 4. No. 3 was unconditionally submitted, and the answer to No. 4 was conditioned on an affirmative answer to 3. The transcript presents no exceptions by plaintiffs to the form and manner of submission of the issues reproduced. No special issues are shown by the record to have been requested by the plaintiffs. There was no finding in the verdict that the sheep were suffering from any disease. It is our thought that where plaintiffs assented to the conditional submission of one of their alleged causes of action or elements thereof, they waived the submission unless the condition was fulfilled. Insofar as the cause of action founded on fraudulent representation or express warranty are concerned, we hold that the answer to No. 5 disposes of same. Fraudulent concealment, we think, was waived because the condition of the submission was not met.

■■ We come now to the question of implied warranty. If as a ground of recovery implied warranty was submitted, issue No. 1 and unanswered issues No. 3 and 4, together with issue No. 11 constituted such submission. No 1 was, we think, in view of the recitals in the contract not an issue in the case, but the jury found thereon in accordance with the undisputed facts as shown by the pleadings. But let us assume for the purpose of this discussion that the jury had answered Nos. 3 and 4 each in the affirmative. Issue No. 2 found that from a preponderance of the evidence the sheep were suitable for breeding purposes. Even though the sheep were infected with "yellow liver" they might still be suitable for breeding purposes, but still it was a factual element of an ultimate issue. Further, it might not have been a concealed or latent disease such as could not be discovered by the inspection made by plaintiffs. On account of the manner of submission of Nos. 3 and 4 plaintiffs waived any and all other diseases rendering the sheep unsuitable for breeding purposes. It must be assumed, we think, that there was evidence these sheep, or some of them, were infected with yellow liver. This assumption is justified in the absence of the statement of facts from the fact of submission of the issue. Panhandle & Santa Fe R. Co. v. Sutton, 125 Tex. 401, 81 S.W. 2d 1005; Varley v. Nichols-Shepard Sales Co., Tex.Civ.App., 191 S.W. 611; Goggan v. Wells-Fargo & Co. Exp., Tex.Civ. App., 227 S.W. 246; Lakewood Heights Co. v. McCuistion, Tex.Civ.App., 226 S.W. 1109; Leonard v. Young, Tex.Civ.App., 186 S.W.2d 81.

■ In effect the situation is here presented that practically the same question is submitted to the jury by No. 2 as by Nos. 3 and 4. As to No. 2 they unanimously agree, but cannot agree on 3 and 4. The effect is to nullify the finding as to No. 2. If the failure to answer 3 and 4 nullified its finding on No. 2, the finding of No. 5 is the sole support of the judgment rendered. Knox v. Brown, Tex.Civ.App., 8 S.W.2d 280, Tex.Com.App., 16 S.W.2d 262; Dallas Railway & Terminal Co. v. Brown, Tex.Civ.App., 97 S.W.2d 335, Writ Refused.

■ It will not do to assume that No. 2 serves as an answer to Nos. 3 and 4. Nos. 3 and 4 submitted material factual elements of the issue of implied warranty. A verdict must dispose of all material issues submitted. It is true that in some cases the findings on some of the issues might render findings on others immaterial. We do not believe that in the absence of any findings on the issues constituting the elements of the issue of implied warranty that the court was authorized under Rule 279, Texas Rules of Civil Procedure to find this issue against the plaintiffs.

■ This judgment must be reversed if the issue of implied warranty is in the case. In determining this we think that the pleadings of plaintiffs and the admission by plaintiffs under Rule 169 and the sufficiency of the pleadings to raise the issue may be considered. The sufficiency of the pleading is not questioned. The admissions of plaintiffs filed under Rule 169 are sufficient to show that before the sale was consummated plaintiffs inspected these sheep, and further that most of the 2000 ewes bought in the sale had lambs by their side.

The contract between the parties is not the sale of the sheep, but an executory contract for the sale of sheep. The acceptance of them after inspection would as to observable or known defects preclude recovery on an implied warranty preclude such recovery for fraudulent concealment, fraudulent misrepresentation, and the failure of the livestock to be as described in the executory contract. Parks v. O'Connor, 70 Tex. 377, 8 S.W. 104; Seay v. Diller, Tex.Sup., 16 S.W. 642; Easton v. Dozier, Tex.Civ.App., 148 S.W. 603.

An action for fraudulent misrepresentation, fraudulent concealment and breach of warranty have certain elements in common, but they are not identical. Wintz v. Morrison, 17 Tex. 372, 67 Am.Dec. 658; Jones v. George, 61 Tex. 345, 48 Am.Rep. 280, cited and discussed in Parks v. O'Connor, supra.

Plaintiffs have cited us to no Texas case holding as a matter of law where livestock are sold the seller knowing that they are purchased for breeding purposes that there is an implied warranty of suitability for that purpose as to latent defects. The question is mentioned in most cases above cited, likewise in the case of Wood v. Ross, Tex.Civ.App., 26 S.W. 148, but none of them directly decide this question. In Wood v. Ross, the contract of sale of the stallion described him as being in poor condition, and it was held that the issue was not raised. However, no doubt is entertained that in view of the statements in the foregoing cases that under the facts essential to the existence of an implied warranty in the case of other classes of personal property, such a warranty as to livestock might be implied. Turner & Clayton, Inc. v. Shackelford, Tex.Comm. App., 288 S.W. 815; Davis v. Ferguson Seed Farms, Tex.Civ.App., 255 S.W. 655; Eisenbarger v. Wilhite, Mo.App., 238 S.W. 159.

There can be no question but that issue No. 1, if answered in favor of plaintiff, taken in connection with Nos. 3 and 4 presented some vital elements of the issue of implied warranty, but not all. In order to recover for the breach of an implied warranty, first, such warranty must be shown to have existed, and second a breach thereof, and third, resultant damages. Unanswered No. 11 in a way submits the issue of damage. Granted the sheep were afflicted with yellow liver, there was no unconditional submission of the issue that plaintiffs did not know all about it and its effect; no submission of the issue that it was a latent disease not subject to discovery by inspection of the sheep.

If Special Issue No. 2 had been answered in the negative and unanswered issues 3 and 4 in the affirmative, and No. 11 answered in such a way as to indicate the market value of the sheep was less than the price paid, this alone perhaps would not compel a judgment in favor of plaintiffs. However, had the court on its own motion found the facts requisite, a judgment might have been then supported in favor of plaintiffs. This fact is rendered very doubtful in view of unanswered questions submitted by defendant. Doubtful too, perhaps, in view of the unanswered issues conditionally submitted. If unanswered Nos. 3 and 4 had been answered in the affirmative, and No. 2 answered likewise in the affirmative, as it was, no judgment could have been rendered on the issue of implied warranty because of conflict. The effect of the failure to answer Nos. 3 and 4 is the same as though they had been answered in the affirmative. Dallas Railway & Terminal Co. v. Brown, Tex.Civ.App., 97 S.W.2d 335, (Wr. Ref.); Knox v. Brown, Tex. Civ.App., 8 S.W.2d 280, loc.cit. 282.

The trial court based its judgment solely on the answers to No. 2 and No. 5. In our opinion unanswered Nos. 3 and 4 presented a material issue.

Plaintiffs had a legal right, we think, to have issues 3, 4 and 11 answered; they were vital to the rendition of the judgment. The failure to answer same deprived plaintiffs of all chance to a favorable judgment as to implied warranty. The only purpose of submission of issue No. 1 was the submitting of an element of implied warranty. It may be remarked in passing that No. 1, in view of the recitals in the contract itself, is not a disputed issue in the case. The judgment entered cannot, we think, be based on implied findings of the trial court on the issue of implied warranty. Rule 279 confers no power on the court to make such findings. Under that rule it is only where the jury has found on the submitted issues that the court has the power to make the findings as to supplementary facts or issues fairly referable to the issues submitted.

It is ordered that the judgment of the trial court be reversed and the cause remanded for a new trial.